Brown v. Dunn.

WILLIAM H. BROWN, SHERIFF, PROS., v. JOHN E. DUNN ET AL.

An equitable assignment of a definite part of the moneys to be raised on an execution upon a judgment at law will be protected and given effect to by the court out of which the execution issued, and, if the sheriff who has raised the money on such execution, refuses to pay the same into court, upon due notice on behalf of such assignees, the court may compel him to do so, to enable the court to protect and secure the rights of the assignees.

*Certiorari* bringing up orders made in the Essex Circuit.

Argued at June Term, 1887, before Justices DEPUE, VAN SYCKEL and MAGIE.

For the prosecutor, *J. H. Backes.*

For the defendants, *John V. Kernan.*

The opinion of the court was delivered by

MAGIE, J.    On January 14th, 1887, the Circuit Court of Essex granted a rule requiring the sheriff of that county to show cause, on January 22d, 1887, why he should not be ordered to pay into court $701.64, with interest from August 20th, 1886, and gave liberty to the parties to take affidavits, to be used on the hearing of the rule.

On January 22d, 1887, the rule was brought to hearing and was made absolute, and Brown, the sheriff, was ordered to pay to the clerk of the court $701.64, with interest from August 20th, 1886.

On April 22d, 1887, the same court granted a rule requiring the same sheriff to show cause, on May 7th, following, why he should not be attached for contempt in not obeying the last above described rule.

A *certiorari* was thereafter allowed, which has brought before this court the above-stated rules, and the right of the Cir-

cuit Court to make the same is now contested here on behalf of the sheriff.

The rule to show cause was allowed, and afterward made absolute upon the record and affidavits, whereby the following facts appeared.

On April 27th, 1886, there was an action pending in the Supreme Court, wherein Frances C. Dunn was plaintiff and John E. Dunn and others claimed to be surviving members of the firm, known as William Dunn, were defendants. In that action Edward H. Murphy was the plaintiff's attorney, and John V. Kernan was the attorney of the defendants. The latter was also the attorney of certain creditors of the said firm of William Dunn (of which John E. Dunn was in fact the surviving partner), and of John E. Dunn. An agreement was made between said attorneys to the effect that John E. Dunn should confess judgment to Frances C. Dunn for $4500; that the latter should discontinue the action then pending in the Supreme Court, and should release from all claims the defendants therein other than said John E. Dunn, and that Frances C. Dunn should accept $2500 in full for her claim against him, and whatever was realized on the confessed judgment above that sum, the creditors of John E. Dunn, represented by Kernan, were to have the benefit of. Thereupon John E. Dunn executed a bond and warrant to confess judgment to Frances C. Dunn for $4500, which were delivered to Murphy, her attorney, who at the same time delivered to Kernan a written stipulation, headed "Dunn v. Dunn," signed by Frances C. Dunn, and witnessed by Murphy, whereby she agreed to accept $2500 in full for her claim, and to renounce the benefit of the balance of the money which might come to her by reason of the confessed judgment, in favor of the persons named, who were represented by Kernan, to whom she agreed to pay, or cause to be paid, the excess received over $2500.

Judgment was entered upon the bond and warrant on the day of this agreement, April 27th, 1886, and an execution was issued thereon and delivered to Brown, the sheriff of

Essex. Under that writ there has come to Brown's hands $3201.64.

Before the sheriff had paid over that sum, Kernan, in behalf of the creditors of John E. Dunn, whom he represented, gave notice to the sheriff not to pay to Frances C. Dunn, or her attorney, any money except $2500, but requiring him to pay what had been raised above that sum into court. There was $701.64 raised over the $2500, and it came to the hands of the sheriff, but he, being indemnified, refused to pay the same into court, but did pay it to Murphy, the attorney of Frances C. Dunn.

If the notice thus given to the sheriff emanated from persons who had an interest in the proceeds raised on the execution which the court would take notice of and protect, the payment of the money, not into court, but to the plaintiff, was made at the peril of the sheriff and at the risk of being compelled to pay that sum into court. *Wandling* v. *Thompson*, 12 *Vroom* 142.

The persons who gave the notice claimed to have an interest in all the proceeds of the execution above the sum of $2500, by virtue of the stipulation before mentioned. If they did thereby acquire an interest which the court below ought to have recognized and preserved, then the sheriff was at fault in refusing to place the proceeds within the possession of the court.

It is obvious that the stipulation did not confer on the claimants any right which could be enforced by an action at law. The contention is that it operated as an equitable assignment of so much of the proceeds to be raised on the execution as exceeded $2500. In my judgment, that is the effect to be accorded to that instrument. By its terms the plaintiff renounced the benefit of all the balance of the proceeds in favor of the claimants, and stipulated to cause to be paid to them all moneys received over and above the sum of $2500, which she agreed to receive in full for her claim. This was a plain appropriation out of a specific fund, afterward to come into existence, of an amount then capable of being ascertained, to

the claimants, and constituted an assignment of an interest therein which will be recognized and protected in any court dealing with the subject matter on equitable principles. *Superintendent* v. *Heath,* 2 *McCart.* 22; *Bower* v. *Blue Stone Co.,* 3 *Stew. Eq.* 171; *S. C.,* 3 *Stew. Eq.* 340; *Shannon* v. *Hoboken,* 10 *Stew. Eq.* 123; *S. C.,* 10 *Stew. Eq.* 318; *Kirtland* v. *Moore,* 13 *Stew. Eq.* 106.

Courts of law, by virtue of their control over their own proceedings, judgments and process, determine all conflicting claims to the management of suits, the control of judgments, and the disposition of proceeds raised thereunder. In making such determinations, it is well settled that they administer equity and deal with such contests on equitable principles. Equitable assignments are, therefore, properly recognized and protected as a court of equity would do. *Stebbins* v. *Walker,* 2 *Green* 90; *Cox* v. *Marlatt,* 7 *Vroom* 389; *Belton* v. *Gibbons,* 7 *Halst.* 76; *Sloan* v. *Sommers,* 2 *Green* 509; *Terney* v. *Wilson,* 16 *Vroom* 282.

The court below correctly construed the stipulation, and having found an equitable interest in the proceeds of the execution to be in the claimants, properly proceeded to take order to compel the sheriff to place so much of the proceeds as was affected thereby where the court could give effect to the claim.

The orders brought up should be affirmed, with costs.