JAMES E. OTIS v. MARK W. ADAMS.

The nineteenth section of the Practice act, as amended by the act approved March 4th, 1890 (*Pamph. L.*, p. 24), does not make assignable a part of a contract, chose in action or other matter covered by its terms, so that the assignee of such part may sue thereon in his own name at law, at least without the consent of the other contracting party.

On demurrer to declaration.

This declaration contains four counts, each founded on an agreement in writing between defendants and George M. Woodward and Edwin S. Dickerson, whereby defendants agreed to sell and deliver to them in lots, from time to time, certain "crude fish scrap," at prices to be ascertained in the manner prescribed therein.

It was further agreed that Woodward and Dickerson should have a rebate or commission of twenty-five cents a ton for all scrap so sold.

It was averred in each count that the agreement had been assigned to plaintiff by Woodward and Dickerson, with all their rights thereunder, except that they retained to themselves the rebate or commission of twenty-five cents a ton. It was also averred that defendants had notice of the assignment, and upon demand of plaintiff had delivered one hundred and five tons of scrap, but refused to deliver more.

In three counts it was averred that plaintiff had not paid the whole of the price of the one hundred and five tons delivered; in the fourth count there was no averment as to payment.

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

*Isaac W. Carmichael*, for the plaintiff.

*Charles E. Hendrickson*, for the defendants.

The opinion of the court was delivered by

MAGIE, J.   In support of the demurrer, it is first argued that plaintiff's failure to pay in full for the one hundred and five tons of "scrap" delivered, justified defendants in rescinding the contract and refusing further deliveries, and there was therefore no right of action for such refusal.

It is questionable whether this objection applies to the fourth count, which does not show non-payment of the price of the scrap delivered.   Assuming it to be applicable to the whole declaration, it is ineffectual.   The contract set out is a continuing contract of sale.   It does not expressly nor by implication make payment for each lot delivered a condition precedent to the continuing obligation to sell and deliver.   In such contracts, default by one party will not release the other from his continuing obligation unless the conduct of the defaulting party evinces an intention on his part to abandon the contract and no longer be bound thereby.   *Blackburn* v. *Reilly,* 18 *Vroom* 290 ; *Trotter* v. *Hecksher,* 13 *Stew. Eq.* 612. Each count avers that plaintiff demanded the delivery of the remaining scrap, and insisted on the performance of the contract by defendants.   It is thereby shown that plaintiff did not intend to abandon the contract, and upon these averments defendants were not justified in refusing further deliveries.

It is next contended on the part of demurrant that, on the facts disclosed in each count, plaintiff has no right of action in his own name.   He is assignee of the contract, for the breach of which he seeks damages.

It is conceded that plaintiff's right to bring the action in his own name depends on the provisions of section 19 of the Practice act, as amended by the act approved March 4th, 1890. *Pamph. L., p.* 24.

The contention, first, is that the contract set out is not one falling within the terms of that section as amended.   Before amendment, this section was considered in this court, and some of its terms were thought to cover all contracts which, among other provisions, contain an agreement for the payment of money.   *Marts* v. *Cumberland Fire Insurance Co.,* 15 *Vroom*

478. The same terms remain in the amended section, and, upon the construction so given to them, this objection cannot avail demurrant.

But this objection is supported upon another ground. The assignment in question does not pass to plaintiff the whole contract, but splits up and divides the undertakings of defendants so as to leave them liable both to plaintiff and to Woodward and Dickerson.

The language of section 19 indicates plainly a legislative intent to make assignable at law the bills, bonds, writing, contract and choses in action therein specified, each as a whole, for, in authorizing the assignee to sue thereon in his own name, it provides that, in such suit, the defendant shall be allowed defences and set-offs against the assignor before notice of the assignment.

If the general purpose of the legislation be considered, it is evident that such a construction is in harmony with it. Courts of law have always recognized certain assignments of rights of action. They have permitted the assignee to assert his rights by action in the name of the assignor, and they have protected such rights by forbidding the assignor to discontinue or release the action or to discharge the judgment obtained thereon. *Sloan* v. *Sommers*, 2 *Gr.* 509. But the protection accorded was such as was consistent "with the established principles and modes of proceeding which govern tribunals acting according to the course of the common law." *Welch* v. *Mandeville*, 1 *Wheat*. 233. In courts of equity, where all interested must be included in one action and their respective rights and equities settled by one decree, rights growing out of a partial assignment of a chose in action, contract, &c., may be recognized and enforced without injury to the other contracting party. But when such partial assignments of liabilities give rise to separate actions at law, it was obviously unjust to recognize and protect rights so acquired without the consent of the contracting party who would be subjected to such additional actions. As was said by Mr. Justice Story, "A creditor shall not be permitted to split up a

single cause of action into many actions without the assent of the debtor, since it may subject him to many embarrassments and responsibilities not contemplated in his original contract." *Mandeville* v. *Welch*, 5 *Wheat.* 277, 286 ; *Sloan* v. *Sommers, ubi supra.*

The provisions of the legislation under consideration were designed to give to certain assignees the right to bring, in their own names, such actions at law as they could have previously brought only in the names of their assignors. There is no indication of an intent to change the rule forbidding actions at law on an assignment of a part of a whole cause of action whereby a party is made liable to separate actions without his consent.

Whether the terms of section 19 may be construed so as to authorize the assignment at law of parts of contracts, choses in action, &c., with the consent of the party thus subjected to separate actions, need not be determined ; for if it be assumed that such is its true construction, the consent of defendants to the division of their undertakings contained in the contract in suit does not appear. The contract contains no express consent to the division, and none can be inferred from any of its terms. The provision for paying a rebate to Woodward and Dickerson does not imply a present assent to a future assignment of the contract for sale and delivery ; at the most, it fixes the terms in case of a future assent to such an assignment.

On this ground, plaintiff is not entitled to his action at law.

Defendants must have judgment on the demurrer.