THOMAS COGAN

*v.*

CONOVER MANUFACTURING COMPANY.

GREENVILLE BANKING AND TRUST COMPANY, appellant,

*v.*

FRANK P. MCDERMOTT, receiver, respondent.

[Argued June 26th, 1905. Decided July 11th, 1906.]

1. An assignment of an account not yet due, if absolute in form, is not to be construed as a mere covenant to pay out of the fund because the assignor therein agrees to act as agent of the assignee in collecting the money.

2. A corporation assigned as collateral security for a debt the first payment on an executory contract for two condensers to be made by it; one condenser was substantially completed and actually delivered to the vendee prior to the appointment of a receiver of the vendor corporation, and the price was subsequently paid to the receiver.—*Held*, that the assignee was entitled to the fund to the extent of the price of the condenser actually delivered as far as needed to pay the debt secured.

3. As between an assignee of a fund under an equitable assignment and the receiver of the assignor, an insolvent corporation, notice of the assignment to the debtor or holder of the fund is not necessary to perfect the title of the assignee.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Garrison, whose opinion is reported *ante p. 358.*

*Messrs. Collins & Corbin,* for the appellant.

*Mr. J. Merritt Lane,* for the respondent.

The opinion of the court was delivered by

SWAYZE, J.

The Greenville Banking and Trust Company claims a right to have certain debts due it from the Conover Manufacturing Company paid in full by the receiver out of moneys in his hands, upon which it claims a lien by reason of assignments from the insolvent corporation. This claim was rejected by the receiver, and his decision was affirmed by the vice-chancellor.

The determination of the case depends upon the construction of two documents signed by the Conover company, which read as follows:

"January 5th, 1904.

"In accordance with a resolution passed by the board of directors at a meeting held this date:

"We hereby assign to the Greenville Banking and Trust Company as collateral security the sum of thirty-seven hundred and eighty ($3,780) dollars out of an order from the Public Service Corporation of New Jersey.

"We agree to act as agent of said Greenville Banking and Trust Company in collecting this money, and agree to turn it over to them immediately on receipt of same in such sums as it may be received.

"This $3,780 is the balance remaining of our final payment of $6,300, after deducting $2,520 which has already been assigned to said Greenville Banking and Trust Company."

"JERSEY CITY, N. J., April 26th, 1904.

"We hereby assign and transfer to the Greenville Banking and Trust Company the first payment of eighty-two hundred and fifty ($8,250) on contract with the Public Service Corporation of New Jersey, amounting to sixteen thousand five hundred ($16,500), and we authorize the Public Service Corporation of New Jersey to make above payment, when due, direct to the Greenville Banking and Trust Company."

It is not questioned that the execution of these papers was duly authorized by the board of directors of the Conover company.

The questions which arise under the two papers are somewhat different, and I deal with them separately, in the order of their dates.

Prior to January 5th, 1904, the company had contracts with the Public Service Corporation amounting to $25,200, and had assigned to the trust company as security $10,000 of the amount. On January 5th, 1904, $18,900 of the total had been paid by the Public Service Corporation, of which the trust company had received its due proportion, $7,500. There was still due or to grow due from the Public Service Corporation $6,300, of which the trust company's proportion was $2,500. The intent of the paper of January 5th was to cover the balance of the money to grow due, as clearly appears from the recital in the last paragraph. There was an error in assuming that $2,520 was payable to the trust company under the earlier assignment. The real amount was only $2,500, and the actual balance remaining of the final payment was $3,800, instead of $3,780, but the intent is so clear that we think the paper is to be construed as including the whole balance.

The first objection made to the claim of the trust company is that the paper does not amount to an assignment, but is a mere covenant to pay out of the proceeds of the contract with the Public Service Corporation. We do not question the distinction between the rights acquired under a mere covenant to pay and under an assignment. In our judgment the paper now in question amounts to an assignment. There is an "actual appropriation which confers a present right on the assignee, although the circumstances may not admit of its immediate exercise." *2 Lead. Cas. Eq. 1644.* The language of the paper is that of an absolute assignment, and the fact that the Conover company also agrees to act as agent in collecting the money does not militate against the plain construction of the preceding paragraph. The Conover company does not thereby retain authority over the fund. Whatever it may do is to be done not in its own right,

but as agent, and the very fact that it agrees to act as agent precludes the construction that the fund is to remain its own, or subject to its control except as agent.

The fact that the money was not yet due affords no argument against our construction. Such is the ordinary case of an equitable assignment. The very fact that the money is not due so that the assignment is not effective in a court of law is sometimes relied on to give jurisdiction to the court of equity. *Bower v. Hadden Blue Stone Co., 30 N. J. Eq. (3 Stew.) 171;* affirmed by this court on the vice-chancellor's opinion, *30 N. J. Eq. (3 Stew.) 340.*

It is argued that the only effect of the assignment was to secure a loan of $3,780, made two days after its date, and that as that loan was afterward paid, the right of the trust company to the amount assigned was at an end. We do not so read the assignment. The language is general and the debt secured is not specified. The new loan probably was the inducement to the Conover company to make the assignment, but it was not extraordinary for them to agree with the trust company that the fund should be held as security generally. We think they did so agree.

There is in the hands of the receiver $2,100, the proceeds of this account. The debts from the Conover company to the trust company which were in existence on January 5th, 1904, exceed that amount. The trust company is entitled to the fund.

The only authority for the assignment of April 26th, 1904, is a resolution of the board of directors, which authorized a loan of $5,470 from the trust company and an assignment of such contract or contracts of the company as might be necessary to further secure the loan. It is now urged by the trust company that the president of the Conover company had power by virtue of his office to assign this fund generally as security for the indebtedness. The evidence does not justify this conclusion. The parties relied upon the resolution of the board as the authority for the assignment, and that limited the power to securing the loan of $5,470.

The resolution authorized an assignment of the contract and not in terms of the money to be earned, but we agree with the vice-chancellor that the evident intent of the resolution was to authorize an assignment of the fund, and that was actually done in terms by the paper of April 26th. This was an equitable assignment of money to be earned, and operated upon the fund as soon as it was earned. *Bower* v. *Hadden Blue Stone Co., 30 N. J. Eq. (3 Stew.) 171; affirmed, 30 N. J. Eq. (3 Stew.) 340; Bank of Harlem* v. *Bayonne, 48 N. J. Eq. (3 Dick.) 246; affirmed, 48 N. J. Eq. (3 Dick.) 646; Terney* v. *Wilson, 45 N. J. Law (16 Vr.) 282.*

Whether the fund was earned by the Conover company was one of the disputed questions, and was decided by the vice-chancellor adversely to the claim of the trust company. The solution of the question depends on the facts of the case.

The contract was for two condensers for a price of $16,500, payable one-half cash on bill of lading or when condensers were ready to ship, thirty per cent. in thirty days thereafter,. and the final payment on erection and test not later than ninety days from the time the condensers were ready for shipment. One'condenser was completed and, with the exception of certain attachments, delivered prior to the appointment of the receiver. The other was completed by the receiver at a cost of $3,000. Both were paid for by the Public Service Corporation.

It is unnecessary to decide upon. the respective rights of the, receiver and the assignee where the work contracted for has not been completed at the time the receiver is appointed. and where no debt exists to which the assignment can attach until work has been done by the receiver.

In the present case one condenser had already been completed and delivered to the purchaser, which recognized its liability by subsequently paying therefor in full. To the extent of the value of the one condenser the money was earned by the Conover company. It was at the time of the appointment of the receiver an account receivable. Even if the contract was an entire contract for two condensers, the delivery to and acceptance by the Public .. Service Corporation made that corporation liable for the price. The amount paid afterward for this condenser, which was the

first delivered, may fairly be regarded as the first payment on the contract, within the meaning of the assignment of April 26th.

It is now argued that the assignment was not effective because notice was not given to the Public Service Corporation. As between the assignor and assignee and those standing in the shoes of the assignor, notice to the debtor or holder of the fund is not necessary. The English cases to that effect are *Beavan* v. *Lord Oxford, 6 De G. M. & G. 492* (at *pp. 524, 532*), where *Watts* v. *Porter, 3 El. & B. 743*, is disapproved; *Pickering* v. *Ilfracombe Railway Co., L. R. 3 C. P. 235; Crow* v. *Reeves, L. R. 3 C. P. 264; Scott* v. *Lord Hastings, 4 K. & J. 633*. Cases in which notice to the debtor or holder of the fund becomes important are cases where the question is one of priority between different assignees, as in *Loveridge* v. *Cooper* and *Dearle* v. *Hall, 3 Russ. 1*, and cases arising under the English Bankruptcy acts, *Ryall* v. *Rowles, 2 Lead. Cas. Eq. 1533*.

The object of notice is discussed by Vice-Chancellor Pitney, in *Board of Education* v. *Duparquet, 50 N. J. Eq. (5 Dick.) 234*, and his view was approved by this court in *Miller* v. *Stockton, 64 N. J. Law (35 Vr.) 614* (at *p. 622*), where Justice Lippincott distinctly said that notice was not an essential part of the assignment.

The controversy in this case is between the receiver of the assignor on one side and the assignee on the other. The receiver represents the creditors, but the creditors as such have no lien upon the fund. Their position is not as favorable as that of the judgment creditor and the attaching creditor in the English cases above cited.

One of the reasons urged for postponing the claim of the trust company to the claim of the general creditors is that the failure to notify the Public Service Corporation gave the Conover company a delusive appearance of credit, like the retention of the possession of personal chattels and the withholding from record of a conveyance. There is no proof that any creditor was actually misled, and it is by no means certain that a notice to the Public Service Corporation prior to the time when the debt came

into existence, on the eve of the appointment of the receiver, would have been effective. The retention of possession of personal property and the withholding of conveyances from record do not necessarily make the transfer void as to general creditors. That result is reached only in cases of fraud. *Miller* ads. *Pancoast, 29 N. J. Law (5 Dutch.) 250; Flemington National Bank* v. *Jones, 50 N. J. Eq. (5 Dick.) 244; affirmed, 50 N. J. Eq. (5 Dick.) 486.*

There is no evidence of fraud in the present case.

It is also argued that the assignments are invalid because the company was insolvent at the time, but the proofs fail to disclose a condition of insolvency. The case is much stronger than *Regina Music Box Co.* v. *Otto, 65 N. J. Eq. (20 Dick.) 582,* which has since been affirmed by this court.

We think the assignment of April 26th, 1904, entitled the trust company to be paid the amount of the note for $5,470, dated April 20th, 1904, out of the money paid the receiver by the Public Service Corporation.

The result is that the decree must be reversed and the record remitted to the court of chancery for further proceedings in conformity to this opinion.

*For affirmance*—PITNEY, BOGERT, VROOM, GREEN—4.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, FORT, SWAYZE, REED, VREDENBURGH, GRAY—7.