STERNBERG & COMPANY, A CORPORATION, v. LEHIGH VALLEY RAILROAD COMPANY, A CORPORATION.

(Three cases.)

Argued February 16, 1909—Decided June 7, 1909.

The nineteenth section of the Practice act (Revision, 1903) does not extend to a case where a part of a chose in action is attempted to be assigned.

---

On appeal from the Second District Court of the city of Newark.

These three cases bring to test the validity of certain assignments made by employes of the defendant company, whereby the plaintiff claims to be entitled to recover at law the wages of such employes.

They are appeals from the judgment of the Second District

Court of the city of Newark, and for convenience they will be referred to as suits Nos. 1, 2 and 3, respectively. They were argued together in this court.

None of the assignments was accepted by the defendant, but payment was promptly refused, and the plaintiff was so notified.

Suit No. 1 concerns the assignment of Thomas F. Lynapp, and presents the following facts: The assignor has been a trainman in the employ of the railroad company since July 20th, 1900. He receives $3 per day wages payable at the expiration of each month, and is subject to discharge at the pleasure of the company at the expiration of any month and to immediate discharge for cause. An assignment was executed by him on January 20th, 1907, and delivered to the plaintiff, which, in consideration of $21, assigns to the plaintiff "all claims and demands which I now have and all of which at any time between the date hereof and until the above amount shall have been paid shall accrue, for all sums of money due or to become due to me for services, or for any claim whatsoever, and I hereby direct that my wages be paid to said Sternberg & Company by my employer." There are no particular wages under any particular contract assigned. This assignment was not presented to the defendant till April 6th, before which date defendant had no knowledge of it. On April 10th defendant refused payment and so notified plaintiff. The assignor had received his wages to March 31st preceding, and at the date of the commencement of the suit was still in defendant's employ, and has received his regular wages since the date of the assignment, viz., on April 30th, the wages earned during April.

Lynapp owes the plaintiff $21 for merchandise purchased, as security for the payment of which the assignment was executed and delivered. At the close of the case plaintiff moved for judgment in its favor for $21, and defendant moved for judgment in its favor. Both motions were denied, whereupon the court rendered judgment in favor of the plaintiff and against the defendant for $18.

Cross-appeals were then taken to this court.

Suit No. 2 involves the assignment of George W. Doyle and presents the following facts:

The assignor has been a deckhand on defendant's boat in defendant's employ since August 18th, 1906. He was employed by the month. His wages are $55 per month and paid monthly. He is subject to discharge at the pleasure of the company at the expiration of any given month and also subject to immediate discharge for cause. The assignment was executed by him on December 10th, 1906, in consideration of $17.48. It differs from the assignment in case No. 1 in that it directs that his wages be paid to the plaintiff by his employer, the defendant, "covering the months of January, February and March, 1907," and is directed in that respect to his employers. The notice of it was served on the defendant on the 1st day of February, 1907, which was the defendant's first knowledge of it. Payment was refused February 7th and Doyle was discharged on that day by the defendant for executing and delivering the assignment. The last payment of wages to Doyle by the defendant was January 31st, which was in full to. that date. No moneys have been paid to the plaintiff by the defendant under the assignment. The assignor owes to the plaintiff $17.48 for merchandise purchased, as security for the payment of which the assignment was executed and delivered.

The court rendered judgment in favor of the defendant. The plaintiff thereupon appealed to this court.

Suit No. 3 involves the assignment of John Quigley and presents the following facts:

The assignor has been in the employ of the defendant since July 23d, 1904, as a trainman. His employment was by the day at $2.60, but received his wages monthly. He was subject to discharge at the pleasure of the company at the expiration of any month and to discharge for cause at any intermediate time. On October 19th, 1906, he executed and delivered to the plaintiff an assignment as security for the payment of $20.50, the price of goods purchased by him from the plaintiff. The assignment was in form like that in case No. 1, first a general assignment and then a specific direction that

his wages be paid to Sternberg by his employer, the defendant, "covering the months of October, November and December, 1906." The notice of the assignment was served November 7th, 1906, which was defendant's first knowledge of it; was refused on the 8th of November, and Quigley was dismissed on December 15th, 1906, for reasons aside from any connection with the execution of the assignments. He received from the defendant his regular wages up to the time of his dismissal, and was paid December 1st his regular wages for the month of November. No moneys have been paid by the defendant to plaintiff under the assignment. At the close of the case defendant moved for judgment in its favor, and plaintiff moved for judgment in its favor for $20.50. Both motions were denied and the court gave judgment in favor of the plaintiff for $18.20

Cross-appeals were then taken by this court.

Before Justices GARRISON, BERGEN and VOORHEES.

For the plaintiff, *Otto A. Stiefel.*

For the defendant, *McCarter & English.*

The opinion of the court was delivered by

VOORHEES, J. Assuming but not deciding that the choses in action involved in this case have a potential existence, that the wages sought to be assigned were under existing contracts and were therefore assignable at law and were not mere possibilities not coupled with an interest all of which may well be doubted, there is one unsuperable obstacle presented in each case to the upholding of the assignments.

The authority of the plaintiff, the assignee, to sue in its own name at law, must arise under the nineteenth section of the Practice act (Revision 1903). We are concerned, therefore, with a strictly legal assignment, but not an assignment of contingent interests and expectancies which equity will enforce by construing such assignment to operate by way of agreement or contract, a distinction clearly pointed out in

*Mitchell* v. *Winslow,* 2 *Story* 630. See *Sullivan* v. *Visconti.* 39 *Vroom* 543.

In each of the cases the assignment sets out a definite consideration and assigns all claims "which I have now and all (of) which at any time between the date hereof and until the above amount shall have been paid shall accrue," for service or any claim whatever.

There was no acceptance by the defendant of the assignments; on the contrary, each was refused.

The assignment in each case became inoperative as soon as the sum of money designated as its consideration had been paid. No particular sum of money corresponding in amount with payments to be made by the defendant to its employes was assigned. In each case compliance with the assignment would result in the splitting up of the wages by the payment to the plaintiff of the part assigned to it, and the payment of the remainder to the assignor. The statute in question has been construed by this court in *Otis* v. *Adams,* 27 *Vroom* 38, as not extending to a case where a part of a chose in action is attempted to be assigned.

This view leads to the following results:

In case No. 1 the judgment will be reversed, with costs.

In case No. 2 the judgment will be affirmed, with costs.

In case No. 3 the judgment will be reversed, with costs.