THE TEXAS COMPANY

v.

THE UNITED PAVING COMPANY and THE INHABITANTS OF THE
CITY OF TRENTON.

[Decided February 18th, 1913.]

1. Under the act of March 30th, 1892 (*P. L. 1892 pp. 370, 371 §§ 4, 6, 7*), providing that no lien for work in constructing a municipal improvement shall be binding unless an action is commenced within ninety days, that the lien claimant may enforce its claim by a civil action, and that the claimant must make all parties who have filed claims parties defendant, the claimant is not required to bring suit to establish his claim within ninety days, where he has been made a party to a similar suit by another claimant; consequently where a lien claimant intervenes in a suit by another claimant, within ninety days, there is a sufficient compliance with the statute.

2. Where a contractor for public work assigned to his creditor all of the moneys due him, a materialman, who has filed a lien for the amount due him, may contest the validity of the assignment.

3. Under the Municipal Lien law (*3 Comp. Stat. 1910 p. 3315*), a contractor for municipal improvements may assign in advance to a creditor all moneys to be derived under the contract, and defeat the claims of those who furnished the materials for the improvement.

*Mr. John H. Backes,* for the complainant.

*Messrs. Vroom, Dickinson & Scammell,* for the Mechanics National Bank.

*Messrs. Bourgeois & Coulomb,* for the United Paving Company.

*Mr. J. Albert Homan,* for the Lambertville Stone and Quarry Company.

LEWIS, V. C.

The bill in this case is filed by the complainant claiming that there is due it $6,935.16 under a certain contract made by it with

the United Paving Company. It appears that on the 17th day of July, in the year 1911, the inhabitants of the city of Trenton entered into an agreement in writing with the United Paving Company, a corporation of this state, by the terms of which agreement the said United Paving Company was to furnish all materials and perform all labor in the construction of a certain texaco asphalt pavement on Second street, in the city of Trenton. The Texas Company, it is alleged, furnished certain of these materials to the United Paving Company for the paving of said street. The pleadings and proof show that the Texas Company, on October 17th, 1911, served a notice of the amount due it under its contract with the United Paving Company, upon the proper city officials of the city of Trenton, and filed its bill, giving the statutory notice. The proof shows further that the work was completed and finally accepted by the city on or about October 1st, 1911. For the municipality of Trenton it is admitted that it holds a balance of $11,769.13 on account of a contract entered into by it with the United Paving Company.

On April 11th, 1912, the Lambertville Stone and Quarry Company served its notice, but it was contended that it had not complied with the statutory requirement by giving notice of the pendency of its suit within ninety days from the filing of its notice, and therefore could not be considered by the court. The opinion is reached, however, that there has been a sufficient compliance with the requirement of the statute. The statute in question has been construed to afford an equitable and not a legal remedy. *Delafield Construction Co.* v. *Sayre, 60 N. J. Law (31 Vr.) 449.* At the time the Lambertville Stone and Quarry Company filed its notice of lien this cause was pending to enforce the complainant's claim. On May 15th, 1912, and within ninety days of the time when the quarry company served its notice of lien, an order was made admitting the Lambertville Stone and Quarry Company as a party to it. It filed its answer to the complainant's bill and the cross-bill of the Mechanics National Bank. Notice was served upon the city of Trenton of the intervention and of its purpose. The act of March 30th, 1892, public laws of 1892, page 370, paragraph 4, provides that no lien shall be binding unless an action is commenced within ninety days. Section

6 authorizes the claimant to enforce its claim by a civil action, and section 7 declares the claimant must make all parties who have filed claims a party defendant, and the court may decide as to the extent, justice and priority of the claims of all parties to the action. The claimant is not required to bring suit to establish his lien within ninety days where he has been made a party to a similar suit by another claimant. *National Fire Proofing Co.* v. *Daly, 76 N. J. Eq. (6 Buch.) 35.*

It was suggested by the defendants that the Texas Company was without standing to attack the validity of the assignment of the United Paving Company to the Mechanics National Bank, on the ground that it was not a judgment creditor. The Texas Company is a lien holder under the statute and entitled to the fund for the payment of its debts subject to prior legal claims. If the claim of the bank is defeated, payment to the Texas Company would be first in order. The Texas Company's right to contest to accomplish this result is undoubted.

The principal controversy in the case is between the Texas Company and the Mechanics National Bank of Trenton. The latter is one of the defendants to this action. It sets up in its answer that at various times since August 1st, 1911, it has loaned the United Paving Company upon notes, approximately, $11,000, and that on August 6th, 1911, the said paving company, as security for the payment of the said notes, assigned to it all interest in the balance of the money then due it under its contract with the city of Trenton.

The Texas Company insisted that the assignment by the United Paving Company to the Mechanics National Bank was made without authority. Proof was, of course, required and offered to show that the paving company was in debt to the bank at the time of the assignment, and this fact was satisfactorily established. The assignment made to the bank was a complete assignment of so much of the amount as was due from the paving company to the bank. There is unquestioned authority under the Municipal Lien law for a contractor for municipal improvements to assign in advance all moneys to be derived under the contract and defeat the claims of the creditors of the contractor furnishing materials for the improvements. See *Somers Brick*

*Co.* v. *Souder,* 71 *N. J. Eq.* (*1 Buch.*) *759;* Garretson v. *Clark,* 57 *Atl. Rep. 414,* and *Cope* v. *Walton Company,* 77 *N. J. Eq.* (*7 Buch.*) *512.*

The evidence produced satisfied the court that the officers of the United Paving Company who made the assignment had full authority to do so. The proof disclosed a resolution authorizing the assignment, regularly passed by the board of directors of the paving company, and at the time of the making and delivery of the assignment there was annexed to it a copy of the resolution in question; that in all the sum of $25,000 had been loaned by the Mechanics National Bank to the paving company on the security of the assignment, and that payments had been made upon this sum until it reached about $11,000; that due diligence had been exercised by the bank in the filing of the assignment.

A decree is allowed directing the city of Trenton to pay to the Mechanics National Bank the amount due under the assignment, and the balance, if any, remaining in its hands, to the Texas Company.