Criterion Construction Company and Sixty-seven South Munn Avenue, Incorporated, were controlled by Lunsky Brothers. On September 7th, 1927, the Criterion Construction Company entered into a formal contract with Sixty-seven South Munn Avenue, Incorporated, to erect for the latter an apartment house on a tract of land known as 67 South Munn avenue, East Orange. The estimated cost was $1,850,000. It was to be built for the actual cost of labor and material and a fee of $100,000. The undertaking was to be financed by $1,017,500, proceeds of a first mortgage to be effected on the apartment house and by $832,500 in five-year promissory notes secured by a second mortgage. The first mortgage, afterward executed, was for $1,250,000; the second for $865,000. The second mortgage was made to the Guardian Trust Company, as trustee, and the notes were delivered to the trustee to be paid to the builder from time to time as the work progressed. On June 27th, 1928, this court appointed a receiver in insolvency for the Criterion Construction Company after it had completed a substantial portion of the building, and the receiver was ordered to finish it. He arranged and financed the completion, approved by the court, by using the unpaid balance of the first mortgage, $369,000; raising $75,000 on receiver's certificate secured by a first participating interest in the second mortgage and the balance of the costs by like first participating interests. Creditors who had furnished labor or material on the building before the receiver was appointed were secured by second participating *Page 447 
interest in the mortgage; and the surplus, if any, in the mortgage is held for general creditors. The receiver finished the building in October following his appointment and adjusted with Sixty-seven South Munn Avenue, Incorporated, the amount due him on the second mortgage at $660,000, and for that sum notes were delivered to him by the trustee. After the receiver had finished, the Harrison Improvement Company, by written notice, January 2d 1929, laid claim to a $23,500 superior interest in the second mortgage by virtue of an assignment from the Criterion Construction Company. Of this the receiver had previously no intimation. The complainant purposely withheld notice, meanwhile knowing that the receiver was finishing the building and his plan of payment.
The bill is filed to establish a first lien on the second mortgage. The complainant has a valid but not a preferential lien. It arose in this manner: The Berwyn Estates, a corporation, held a $40,000 fourth mortgage on 67 South Munn avenue, which, with the prior three, had to be paid off to clear the title for the new $1,250,000 mortgage. The Berwyn Estates agreed with Lunsky Brothers that $40,000 set aside by the new mortgagee for payment of its mortgage be paid to the Criterion Construction Company and canceled its mortgage, taking in lieu an assignmentpro tanto of the new second mortgage. The Criterion Construction Company also executed a collateral mortgage for $20,000 on other property, later rendered worthless by foreclosure of an earlier mortgage. The assignment was executed to the complainant, a subsidiary of the Berwyn Estates, for convenience.
The receiver, of course, took corporate assets subject to all equities, and strictly, as receiver, stands in the shoes of the insolvent company. Cogan v. Conover Manufacturing Co., 69 N.J. Eq. 809.
But as an administrative officer of the court he stands on an entirely different footing His obligations must be paid first and the assignment of the complainant must be subordinated to the first participating interests, primarily because the debts for which they stand as security were incurred in administering the estate under the court's *Page 448 
direction; they are in fact administration expenses and as such entitled to priority (another question might have arisen had the complainant given notice to the trustee of its assignment.Jenkinson v. New York Finance Co., 79 N.J. Eq. 247); and for the further reason that the complainant is estopped from setting up superiority. Central Railroad Co. v. MacCartney,68 N.J. Law 165. It was silent when it should have spoken. Material and labor were furnished to the receiver by the first participants to finish the building on the faith of the mortgage and in the belief that their interests were paramount while the complainant mutely stood by, obviously to profit at their expense.
The complainant loses, however, only to the first participants. It ranks before the second participants in interest in the mortgage because its equity is prior in point of time and the second participants are not assignees in good faith for a present valuable consideration. The security was for a past debt.Jenkinson v. New York Finance Co., supra.
After the complainant gave notice to the receiver of its lien, the receiver applied to the court and was granted leave to raise an additional $56,000 upon receiver's certificate, to be a lien on the second mortgage prior to all other liens. The amount was necessary to pay unforeseen expenses — administration expenses. The complainant was a party and appealed. Lunsky v. CriterionConstruction Co. (Court of Errors and Appeals),151 Atl. Rep. 490. This receiver's certificate will be a prior lien to all others in the mortgage.
The receiver complains that if the complainant's lien is sustained to the extent indicated, he will be short of security for the second preferred creditors now protected by the mortgage, he having agreed with the mortgagor upon the sum due him on the mortgage. The mortgage is sufficient in amount to cover the complainant's lien and it may be included in the mortgage. Unless Sixty-seven South Munn Avenue, Incorporated consent, the receiver may by counterclaim impress the additional lien.
Counsel may submit a form of decree. *Page 449