JULES GLASER, PLAINTIFF-APPELLEE, v. COLUMBIA LABORATORIES, INCORPORATED, DEFENDANT-APPELLANT.

Submitted January 30, 1933—Decided June 30, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *Robert E. Pollan.*

For the appellee, *Ranzenhofer & Ranzenhofer (Frederick S. Ranzenhofer,* of counsel).

PER CURIAM.

The essential facts in this case were stipulated and submitted in the Second District Court of the city of Paterson and the judge of that court rendered judgment in favor of the plaintiff for the sum of $70, and the defendant appeals. The situation was this:

On July 15th, 1932, the plaintiff below sold and delivered certain goods to Joseph Rosenteur at an agreed price of $67 and the purchaser signed a promissory note for the amount thereof in installments of $2 each on Saturday of each week, with a provision that upon default all payments become due. At the same time, and apparently on the foot of the note, the maker executed a so-called security agreement in which he appointed George Jacobson his "agent

to assign to the holder hereof" all his personal earnings due or to become due on pay days, until the first pay day on which the sum due him shall exceed the amount owed on the note. On July 29th, 1932, such agent assigned all Rosenteur's wages due and to become due from the defendant until such time as the total wages shall equal or exceed the sum of $67 to the plaintiff. At the date of the assignment Rosenteur was employed by the defendant and was earning $35 a week and was paid weekly; and on the day of the assignment (July 29th, 1932) notice of the assignment was given to the defendant who promptly notified the plaintiff that it would not honor such assignment. Neither the promissory note nor the so-called security agreement mentioned any particular employer.

The assignment, not being honored, the plaintiff on October 14th, 1932, began this suit thereon which, as we have said, resulted in a judgment for the plaintiff for $70 and costs.

The defendant-appellant contends that the assignment was a partial assignment and if enforceable at all was enforceable in a court of equity and not in a court of law. It cites, among other cases, *Cogan* v. *Conover Manufacturing Co.,* 69 *N. J. Eq.* 809; 64 *Atl. Rep.* 973, and *Sternberg & Co.* v. *Lehigh Valley Railroad Co.,* 78 *N. J. L.* 277; 73 *Atl. Rep.* 39; *affirmed,* 80 *N. J. L.* 468; *78 Atl. Rep.* 1135. We think the position of the appellant is well taken.

It is admitted that the actual amount of the assignment is $67. It is admitted that the purchaser was employed by the defendant at a regular salary of $35 a week, payable each week. Therefore, at no regular pay day would there be an amount due from the defendant to the purchaser equal to the amount of the assignment. There is no certain and definite amount assigned, but simply weekly wages. We believe that such an assignment has been held to be in effect a partial assignment. In the case of *Sternberg & Co.* v. *Lehigh Valley Railroad Co.,* 78 *N. J. L.* 277; 73 *Atl. Rep.* 39; *affirmed,* 80 *N. J. L.* 468; 78 *Atl. Rep.* 1135, there were three separate suits for assignment of wages considered. The

second suit resembled the instant case. In that case the sum of $17.48 was due from the employe to the seller. The employe was making $55 a month payable monthly. The assignment was for the months of January, February and March. The court disregarded the attempt of the plaintiff to cover up a partial assignment, saying: "The assignment became inoperative as soon as the sum of money designated as its consideration had been paid. No particular sum of money corresponding in amount with payments to be made by the defendant to its employe was assigned. In each case compliance with the assignment would result *in a splitting up of wages by the payment to the plaintiff of the part assigned to it, and the payment of the remainder to the assignor."* There, as here, the plaintiff claimed to be entitled to recover at law under the authority of the nineteenth section of the Practice act (Revision of 1903), and in that case the court said: "The statute in question has been considered by this court in *Otis* v. *Adams, 56 N. J. L.* 38; 27 *Atl. Rep.* 1092, as not extending to a case where a part of the chose in action is admitted to be assigned."

It seems clear that the judgment in the present case must be reversed and it is so ordered, and since the facts were stipulated the reversal will be with costs. No opinion is intended to be expressed as to whether or not plaintiff has a remedy in equity in this particular case.