24 N.J. Super. 158 (1952)
93 A.2d 778
GOTTHARD J. ZURCHER, AND OTHERS, PLAINTIFFS-RESPONDENTS,
v.
MODERN PLASTIC MACHINERY CORP., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 27, 1952.
Decided December 30, 1952.
*160 Before Judges McGEEHAN, BIGELOW and JAYNE.
Mr. Forster W. Freeman, Jr., and Mr. A. Leo Bohl argued the cause for the respondent Gotthard J. Zurcher (Messrs. Freeman, Buttermore and Freeman, attorneys; Mr. Peter Hofstra, attorney for the respondent Harry Haller; Mr. John A. Masiello, attorney for the respondent Paterson Machine Co., Inc.).
Mr. Ervan F. Kushner argued the cause for the appellant (Messrs. Brenman and Susser, attorneys).
*161 The opinion of the court was delivered by BIGELOW, J.A.D.
Zurcher was engaged by the defendant to build some machines. After he had completed the work he assigned certain sums out of the contract price to his two co-plaintiffs, Haller and Paterson Machine Co., Inc. The three sue for the amount due under the contract. After the plaintiffs had put in their evidence at the trial, Haller and the Machine Co. were allowed by the court to discontinue. The trial proceeded on Zurcher's claim alone and resulted in a verdict in his favor for the full contract price as asserted by him.
The defendant-appellant's first point is that the court erred in excluding from evidence the defendant's duplicate original of the contract or purchase order sued upon. The copy which the plaintiffs put in evidence did not specify the price, but instead stated, "Price in accordance with verbal understanding had with our Mr. W.J. Johnson, less materials furnished by us." On cross-examination Zurcher said that when he received the purchase order the quoted passage did not appear on it; that he did not know who had made the addition, though he hinted that defendant's representative Johnson may have done it. Later, the defendant offered its copy to show that it bore the same reference to the price as did the copy which was already in evidence, but the court rejected the offer because of pencil marks on the copy. Since the paper that the defendant offered was not marked for identification and has not been submitted to our inspection, we cannot determine whether the pencil marks were such as might then and there have been erased, or covered up, or were not prejudicial to plaintiffs, or whether they were of such a character as should properly have led to a rejection of the offered exhibit. We must assume that there was sound ground for the court's action. Even if there were error, the defendant was not harmed, for both parties agreed that the consideration was a price fixed orally by Zurcher and Johnson, although they disagreed as to what that price was.
*162 When the court had finished charging the jury, defendant's counsel said he had some objections to the charge which he desired to make "outside of the presence of the jury." The learned judge asked him to state his objections before the jury retired so that the court might make any necessary corrections in the charge. Counsel declined to comply with the court's suggestion. The jury retired and the court declined thereafter to receive counsel's objections to the charge. We find no error in this feature of the case. Objections to the charge should be made before the jury retires. Opportunity should be given counsel to make his objections out of the hearing, but not necessarily out of the presence, of the jury. Usually counsel approach close to the bench and make their objections in a voice that the jury cannot hear.
The other objections relate to the dismissal of the claims of the assignees. No order of dismissal is printed in the appendix, but we assume the order in its terms follows the oral pronouncement of the judge. Under the circumstances, since the contrary is not specified, the dismissal is without prejudice. Rule 3:41-1(b). The assignees can institute a new suit against the defendant at any time and perhaps recover, despite the judgment in favor of Zurcher, for notice of the assignment charges the debtor with a duty to pay the assignee. Brown v. Dunn, 50 N.J.L. 111 (Sup. Ct. 1887); Russell v. Fred G. Pohl Co., 7 N.J. 32, 41 (1951). The motion for the voluntary dismissal of the assignees' action, although resisted by defendant, was granted because the court was of the opinion that the assignees were not proper parties plaintiff; that they had no legal interest in the subject-matter of the suit. "They would eventually have been stricken by the court on his own motion."
Before the reorganization of our judicial system in 1948, it was settled that the assignee of a part only of a debt could not maintain an action in a law court unless the debtor had consented to the assignment. The foundation of the rule was the protection of the creditor against a double harassment. *163 Sloan v. Sommers, 14 N.J.L. 509 (Sup. Ct. 1834); Otis v. Adams, 56 N.J.L. 38 (S.C. 1893); Glaser v. Columbia Laboratories, 11 N.J. Misc. 707 (Sup. Ct. 1933), affirmed 112 N.J.L. 91 (E. & A. 1934). But the more flexible procedure in equity permitted Chancery to enforce a partial assignment of a debt. All the interested parties  debtor, assignor, assignees  were brought into court and their several interests settled in a single suit. Superintendent, &c., v. Heath, 15 N.J. Eq. 22 (Ch. 1862); Lanigan v. Bradley-Currier Co., 50 N.J. Eq. 201 (Ch. 1892); Pom. Eq. Jur. § 1280.
The Superior Court of New Jersey has original jurisdiction in all causes, both legal and equitable. Each judge exercises the full original jurisdiction of the court, so that where a cause comes on for trial in the Superior Court, the judgment, the disposition of the action, does not depend on whether it is tried in the Law Division or the Chancery Division. Both Divisions have the same jurisdiction as each other. O'Neill v. Vreeland, 6 N.J. 158 (1951). The old rule that an assignee had no standing in a law court is no obstacle to his maintaining an action in the Law Division.
It was the general rule of equity that the real parties in interest must be joined as parties. Our rules state that every action may be prosecuted in the name of the real party in interest. Rule 3:17-1. There can be no doubt but that an assignee of a debt, or of part of a debt, is a "real party in interest." Story, Eq. Pl. § 154; Moore's Fed. Pr., § 1709, p. 1343; 6 C.J.S., Assignments, § 126(c). Zurcher and his two assignees properly joined in the prosecution of the action.
Normally the action would have proceeded to a judgment in favor of the three plaintiffs severally as their interests were stated in their complaint, or were settled by the jury, and against defendant for the full amount of the debt. By the dismissal of the assignees from the action, the defendant has been placed in a position of possible hazard from which *164 it is entitled to be extricated; but there is no reason for a new trial.
The order dismissing the two assignees shall be vacated and the judgment modified so as to run in favor of the three plaintiffs severally, the total to be the same as the amount of the judgment at present. The three plaintiffs, in their joint brief, consent to such action. The expense of printing the appendix shall be borne half by appellant and half by respondents, and each party shall bear his own remaining costs in the Appellate Division.