224 F.2d 786
 HARRY C. STEIGMAN EQUIPMENT CO., Inc., a Corporation of New York.
v.
ATLANTIC HOTEL COMPANY, a Corporation of New Jersey,
Lewis S. Jacobson, Claimant-Appellant.
 No. 11542.
 United States Court of Appeals Third Circuit.
 Argued May 6, 1955.
 Decided August 11, 1955.
 
 Sam Weiss, Perth Amboy, N. J. (Samuel S. Cohen, Perth Amboy, N. J., on the brief), for claimant-appellant.
 Walter S. Anderson, Camden, N. J. (Grover C. Richman, Camden, N. J., on the brief), for receiver-respondent.
 Before GOODRICH and HASTIE, Circuit Judges, and MILLER, District Judge.
 HASTIE, Circuit Judge.
 
 
 1
 This controversy arises in the course of the administration of an ordinary equity receivership of an insolvent New Jersey corporation, Atlantic Hotel Co., which was engaged in the operation of the Brighton Hotel in Atlantic City, New Jersey. The company was ordered into receivership by the District Court for the District of New Jersey on the complaint of a creditor. Diversity of citizenship was the sole basis of federal jurisdiction.
 
 
 2
 The present appellant, Lewis Jacobson, is a creditor to whom Atlantic admittedly owes $11,500. Jacobson attempted to establish his entitlement to the priority of a secured creditor. However, neither the receiver nor the Master to whom the District Court referred the question of priority claims was persuaded. Thereafter, the District Court, agreeing with the Master, entered its order denying Jacobson's claim to status as a preferred creditor. It is from that order that Jacobson now appeals.
 
 
 3
 Atlantic Hotel Co. operated the Brighton Hotel on a long-term lease. During the winter 1951-52, Atlantic found its enterprise in such difficulty that it could not much longer finance day to day operations. Among other expedients, it borrowed $11,500 from Jacobson giving him its promissory note dated February 13, 1952 and payable April 18, 1952 together with a second instrument dated February 13, 1952 called a "general assignment" which read in part as follows:
 
 
 4
 "* * * Atlantic Hotel * * * do (sic) sell, grant, assign, convey, transfer, set over and deliver unto Lewis S. Jacobson, all its right, title and interest in and to all the proceeds, funds, collections, cash and all income of the Atlantic Hotel Co. from any nature and source whatsoever,
 
 
 5
 "* * * hereby constituting and appointing Lewis S. Jacobson its true and lawful attorney irrevocable in its name, place and stead for the purposes aforesaid, to ask, demand, sue for, attach, levy, recover and receive all such sum and sums of money, which now are or may hereafter become due, owing and payable for, or on account of all or any of the accounts, dues, debts and demands above assigned and hereby give to the said Lewis S. Jacobson, his heirs, executors, administrators and assigns full power and authority for his or their own use and at his or their cost, * * *.
 
 
 6
 "This assignment is given to secure payment of $11,500, as evidenced by a promissory note of even date herewith, to secure all past and present indebtedness and unpaid balances and present loans."
 
 
 7
 Business continued from bad to worse. Jacobson was not paid. Nothing was done with reference to or on the basis of the "general assignment" until Atlantic's operation was terminated by the present receivership on September 5, 1952. The receiver found that Atlantic had only about $300 in cash and little stock of value. It had been reduced to dealing with suppliers from day to day on a c. o. d. basis. The only substantial fund thereafter realized by the receiver came from a sale of such capital assets as remained to Atlantic. This property consisted of the unexpired term of the lease and rights incidental thereto, furniture and other personal property used in the hotel operation and a liquor license. With the court's approval, these items were sold for $65,000. The specific question now is whether the "general assignment" enables Jacobson to claim more than a general creditor's rights with respect to this fund.
 
 
 8
 In the view of the District Court the law of New Jersey would not recognize the "assignment" to Jacobson as creating any equitable lien on the fund now in the receiver's hands because that fund came into existence after the assignment and was not the product of any contract or obligation existing at the time of the assignment. Paragraph 154 (2) of Contracts Restatement lends support to this position and, in dictum at least, the Court of Chancery of New Jersey has indicated approval of that section. See Stokely Bros. & Co. v. Conklin, 1942, 131 N.J.Eq. 552, 559-560, 26 A.2d 147, 151. Cf. Cogan v. Conover Mfg. Co., 1906, 69 N.J.Eq. 809, 64 A. 973. But in our judgment the New Jersey case law on this point is indecisive. It also seems unsettled whether as a matter of commercial policy, New Jersey would regard the instrument here in suit as ineffective because of its extreme generality. Cf. Fidelity Union Trust Co. v. Reeves, 1924, 96 N.J.Eq. 490, 125 A. 582; affirmed 1925, 98 N.J.Eq. 412, 129 A. 922.
 
 
 9
 In any event, these are important questions of commercial law and creditors rights in New Jersey to which we find no clear answer. We prefer not to anticipate state decision of these questions. And in this case we think the judgment of the District Court is supportable on a ground which avoids these general questions of New Jersey law.
 
 
 10
 Specifically, it is our conclusion that a proper construction of the "assignment" of February 13, 1952 makes it inapplicable to the fund now in the hands of the receiver. The instrument as set out above purports to give Jacobson a security interest in "all the proceeds, funds, collections, cash and all income of the Atlantic Hotel Co." And, the next paragraph authorizes Jacobson to take whatever steps may be appropriate to reduce to possession "any of the accounts, dues, debts and demands above assigned."
 
 
 11
 This language was used in a situation where Atlantic was conducting an income producing business and money was being loaned by Jacobson for use in that business. Both the language used and the circumstances of its employment indicate that the parties were attempting to give Jacobson some security interest in present and prospective receipts and accounts receivable of the business as operated by Atlantic. The language is not apt to describe real or personal property constituting capital assets employed in the business. Nor is it apt to describe money which may subsequently be realized by the conversion of such assets into cash on the liquidation of the business. Nor is it apt to cover later operations of a receiver. We conclude, therefore, that as a matter of construction of language the fund now in question is not covered by the instrument of February 13, 1952. It is not necessary to decide whether Jacobson would have had a lien upon income realized by Atlantic before the receiver took over Atlantic's property and business.
 
 
 12
 The judgment will be affirmed.