37 N.J. Super. 501 (1955)
117 A.2d 643
RICHARD TAYLOR, IRVING STERN, SCOTT ADAMS, ROBERT E. KENIM, JOHN B. SLACK, FRANK H. WHEATON, JR., AND ALEX MORVAY, PLAINTIFFS,
v.
NEW LINE INDUSTRIES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided October 25, 1955.
*502 Mr. Joseph Lazarow for receiver (Messrs. Steelman & Lazarow, attorneys).
Mr. John R. Armstrong for petitioner Wheaton Die Casting Corp. (Messrs. Kirkman, Mulligan & Harris, attorneys).
Mr. Alan V. Lowenstein for petitioner The Millville National Bank.
Mr. David M. Perskie for claimant Jerome Kaskey (Messrs. Perskie & Perskie, attorneys).
HANEMAN, J.S.C.
This matter is before the court on the return of two orders to show cause, obtained by the Millville National Bank, and Wheaton Die Casting Corporation, in which Maurice Risley, receiver for New Line Industries, *503 Inc., is directed to show cause why he should not turn over to the Millville National Bank and Wheaton Die Casting Corporation all payments he has received or may receive on accounts receivable theretofore assigned to them by New Lines Industries, Inc. as collateral security for loans or the payment of sums due for the sale of merchandise. Incidentally, he is also required to show cause why he should not turn over to them all records of New Line Industries, Inc. pertaining to said assigned accounts, and notify account debtors that payments thereof should be made directly to them. The Millville National Bank also seeks to hold the receiver liable in connection with an assignment of an alleged receivable account due from Consolidated Bottle Company. A succinct statement of the three questions here involved is as follows:
1. Does an assignment of accounts receivable as collateral security, where no security interest in merchandise is taken, have to be recorded under the Factor's Lien Law in order for the assignment to be valid?
2. Is an assignment of an account receivable effective if the books of the assignor are not marked to indicate the assignment?
3. If the receiver of an assignor of an account receivable accepts the return of merchandise from an account debtor, in lieu of the moneys owed on the account, is the assignee of the account, who did not authorize this action, entitled to hold the receiver liable for the loss sustained?
The solution of the primary problem in this matter turns upon the question of whether the provisions of the Factor's Lien Law, N.J.S. 2A:44-178 et seq. require a recordation of an assignment of accounts receivable where there was never created nor did there ever exist a lien upon the goods, the sales of which gave rise to the accounts receivable.
Generally, under our common law, the delivery of an assignment of accounts receivable, without anything more, gave the assignee a valid title, at least as between the assignor and assignee. Cogan v. Conover Maufacturing Co., 69 N.J. Eq. 809 (E. & A. 1906); Moorestown Trust Co. *504 v. Buzby, 109 N.J. Eq. 409 (Ch. 1931); Schwartz v. Maguire, 130 N.J. Eq. 152 (Ch. 1941), modified on unrelated ground, 131 N.J. Eq. 578 (E. & A. 1942); Texas Co. v. United Paving Co., 81 N.J. Eq. 434 (Ch. 1913); Hirsch v. Phily, 4 N.J. 408 (1950).
The statute here involved is in derogation of the common law insofar as it concerns assignment of accounts receivable, and hence must be strictly construed. Carlo v. Okonite-Callender Cable Co., 3 N.J. 253 (1949); State v. Court of Common Pleas of Mercer County, 1 N.J. 14 (1948); United States Casualty Co. v. Hyrne, 117 N.J.L. 547 (E. & A. 1937).
The Factor's Lien Law, when adopted, provided a new type of security for the lender. It created a lien upon certain goods of the borrower and upon the sale of those goods said lien was automatically transferred to the accounts receivable resulting from the sale.
The cited statute does not basically concern itself with an assignment of accounts receivable unaccompanied by a lien on the goods, the sale of which gave rise to such accounts.
That this is what the Legislature contemplated is borne out by the very verbiage of the act. See N.J.S. 2A:44-178, where a factor is defined as those who "lend upon the security of merchandise;" N.J.S. 2A:44-180, which requires that notice of lien shall be filed where "the merchandise subject to the lien * * * shall be located;" N.J.S. 2A:44-181, where provision is made for the effectiveness of the lien "as against all claims of creditors in or against such merchandise;" and N.J.S. 2A:44-182, where provision is made for the discharge of the lien on "the said merchandise."
This statute was adopted in New Jersey and is largely patterned after the New York statute of 1911.
In construing the comparable New York statute it has been held that it applies only where a loan is made on the security of the merchandise of which the borrower will retain possession, and that it does not apply where there is *505 simply an assignment of accounts as security. In re Bernard & Katz, Inc., 38 F.2d 40 (2d Cir., 1930); In re Worth Lighting and Fixture Co., Inc., 292 F. 769 (D.C.S.D.N.Y. 1923).
The rights of the receiver can rise no higher than the corporation itself. He stands in its shoes. O'Connor v. First Bank & Trust Co., 12 N.J. Super. 281 (App. Div. 1951).
In addition, N.J.S. 2A:44-183 makes provision for the validity of an assignment of accounts receivable upon the delivery of such assignment, without requiring any recordation or notice, in the following language:
"If any agreement provides for a right to or lien upon accounts receivable or other proceeds resulting from or which may result from a sale or sales of merchandise whether or not such merchandise or a part thereof is subject to the lien, such right or lien upon such accounts receivable or the proceeds shall not be void or ineffectual as against creditors or otherwise, by reason of failure to make or deliver a further assignment of any such account; provided, a bill, invoice, statement or notice shall be mailed, sent or delivered to the person owing such account receivable stating in substance that the account is payable to the factor. Such mailing, sending or delivery of such bill, invoice, statement or notice shall have the same effect as a formal assignment of such account to the factor named therein.
However, the making and delivery of any such further or formal assignment shall, in and of itself, give to the assignee a right to or lien upon the account receivable assigned and to the proceeds thereof, effectual as against all claims of creditors of the assignor, irrespective of whether or not such bill, invoice, statement or notice shall be mailed, sent or delivered to the person owing such account receivable, stating in substance that the account is payable to the factor or assignee." (Italics supplied.)
In the light of the foregoing, it is here held that the assignments to the Millville National Bank and Wheaton Die Casting Corporation are valid.
What has been stated above disposes as well of the second propounded question. There being no statutory provision for any indication on the books of the assignor of an assignment, since such notice was not required under the common law, an assignment, even absent such notice, is *506 valid, especially where, as here, no third parties suffered any detriment resulting from the failure to so stamp.
Insofar as the third question is concerned, which involves the alleged act of Consolidated Bottle Co., the merchandise was consigned to said Consolidated Bottle Co. The transaction was not a complete sale and there never arose any account receivable, the merchandise having been returned to the consignor. The alleged assignment of this so-called account receivable was invalid and ineffectual. The proceeds held by the receiver resulting from the subsequent sale of the merchandise is not subject to any lien.
Judgment will be entered accordingly.