# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### MARCH TERM, 1905.

———————

JOHN I. WELLER and JULIUS LICHTENSTEIN, appellants,

*v.*

THE JERSEY CITY, HOBOKEN AND PATERSON STREET RAILWAY COMPANY, respondent.

[Submitted March 27th, 1905.   Decided June 26th, 1905.] ·

1. A contract between attorney and client, stipulating that the former, in consideration of services to be rendered by him in prosecuting an action for the client, shall receive a part of the recovery, is executory merely; the cause of action remaining in the client, and the attorney obtaining no interest therein, either by way of assignment thereof or lien thereon.

2. A right of action for personal injuries is not assignable before judgment, in the absence of a statutory provision authorizing it. ·

3. The statute concerning executors and the administration of intestates' estates, which preserves to the executor or administrator of a decedent's

estate a right of action for a trespass to the person of the latter, occurring during his lifetime, does not transpose such a right of action into a property right, and so render it assignable by the party injured.

4. A stipulation in a contract between an attorney and client that the latter shall not settle the cause of action which the former is employed to prosecute except with the attorney's consent, cannot deprive the person against whom the cause of action exists of his right to compromise with his adversary, provided the compromise is made in good faith and without any attempt to defraud the attorney. *Quære.* Is not such an agreement opposed to sound public policy, and therefore void?

On appeal from a decree of the chancellor, whose opinion is reported in *66 N. J. Eq.* (*21 Dick.*) *11.*

Mr. *John I. Weller,* for the appellants.

Mr. *William B. Gourley,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The appellants are attorneys-at-law, practicing as partners. They allege by their bill that they were employed by one John Meffert to prosecute an action at law against the respondent to recover damages for personal injuries sustained by him through its negligence while he was a passenger on one of its cars; that Meffert entered into a written contract with them whereby he agreed to pay them fifty per cent. of all he might recover from the respondent, either by suit, settlement or otherwise, as damages for such injuries, and assigned to them by the same writing fifty per cent. of any and all sums that might be so recovered therefor; that upon the making of the agreement and assignment they caused a written notice to be served upon the respondent apprising it of such agreement and assignment. They further allege that, pursuant to the agreement, they commenced an action at law in the supreme court of New Jersey, in the name of Meffert, against the respondent, and that after the action was on the calendar for trial, the respondent, with full knowledge of the agreement between them and Meffert and of

the assignment by him to them, settled the cause of action directly with Meffert, without their knowledge or consent, and paid to him for his use the full amount for which the cause of action had been settled; that Meffert has not paid them for their service, and that he is insolvent. They further allege that they also commenced actions for two other claimants against the respondent, under similar agreements, assignments and notices, which were settled by it, and the moneys arising therefrom were paid directly to the claimants, or for their use; that those claimants have not paid the appellants, and that they are both insolvent. The appellants pray for an accounting by the respondent of the amounts paid by it to the respective claimants with whom the several actions and damages were settled, or for their use; that the respondent be decreed to pay unto the appellants the amount assigned to them by the several claimants, and for further and other relief.

To this bill the respondent demurred for want of equity, and after hearing the bill was dismissed.

The sole contention of the appellants, both in the court of chancery and before us, is that by the written retainers and assignments of persons having claims against the respondent company for personal injuries, and by timely notice thereof to the company, they became in equity assignees of the proportionate parts of any sums which such injured persons should thereafter receive from the respondent company, either by a composition between them or by recovery and judgment in actions at law, and that a trust thereupon arose binding the respondent and making it accountable in equity to them for their proportionate parts thereof. In our opinion, this contention is unsound in principle. As was said by the court of appeals in New York, in *Coughlin* v. *New York Central, &c., Railroad Co., 71 N. Y. 450,* the agreements set out in the bill do not purport to give the attorneys any present interest in the cause of action. They are simply executory agreements that the attorneys shall share in the damages recovered, the causes of action remaining intact in the respective plaintiffs. The attorneys have neither a legal nor equitable interest by way of assignment or lien on the causes of action.

But even if the situation had been otherwise, and the parties to these agreements had attempted thereby the transfer to the attorneys of a present interest in the causes of action themselves, instead of merely a share in the damages when recovered, it would not have availed the appellants nor entitled them to the relief now sought by them, and for this reason: A right of action for personal injuries cannot be made the subject of assignment before judgment, in the absence of a statutory provision to the contrary. Except when otherwise provided by statute, nothing is assignable, either at law or in equity, that does not directly or indirectly involve a right to property. *People* v. *Tioga Common Pleas, 19 Wend. 73;* *Coughlin* v. *New York Central Railroad Co., supra;* *Rice* v. *Stone, 1 Allen 566;* *Daylon* v. *Fargo, 45 Mich. 153.*

That this is the general rule is not disputed by the appellants, but it is insisted on their behalf that since the enactment of the fourth and fifth sections of the statute concerning executors and the administration of intestates' estates in 1855 (*2 Gen. Stat. p. 1426*), which preserve to the executor or administrator of a decedent a right of action for a trespass to the person of the latter, occurring during his lifetime, the rule in this regard has been abrogated, the argument being that a right of action which survives to the personal representatives of a deceased is necessarily assignable by him during his lifetime. We do not think that the statute appealed to has this effect. It does not attempt to change the character of those rights of action, to transpose them into property rights, and thereby render them assignable to third persons during the lifetime of the party injured; it merely provides that, although not property rights, and therefore not assignable, they shall nevertheless survive to the personal representatives of the injured person for the benefit of his estate.

The question of the assignability of claims of this character has frequently received consideration by the courts of our sister states, and although in some jurisdictions their assignability has been affirmed, the weight of authority will be found to support the contrary view. A very full collation of the cases on this subject will be found in the foot-notes to the article "Assignments," in *2 Am. & Eng. Encycl. L. (2d ed.) 1021–1023,* and in *4 Cyc.*

24; and in some of the cases there referred to it will be found that the non-assignability of the right of action for a personal tort has been declared, notwithstanding that at the time of the decision there was in existence a statute similar to our own, providing that such a right should survive to the executors and administrators of the injured person.

The only other question which the case presents is the effect of the provision set out in the bill binding the several claimants therein mentioned not to settle or compromise their claims against the respondents except with the consent of the appellants.

It is universally considered that the interests of justice are best subserved by allowing parties to litigation full liberty to compromise and settle it at any time during its pendency, without interference by third persons, when the whole legal and equitable title to the cause of action rests in the plaintiff and the sole responsibility to answer to the plaintiff's claim rests upon the defendant. In such a situation an agreement by the plaintiff with his attorney not to settle or compromise the litigation without the consent of the latter may well be considered to be opposed to sound public policy. Whether it is absolutely void, it is not necessary now to consider. Even if it is binding between the plaintiff and his attorney, the defendant is under no obligation to observe it; such an agreement cannot deprive him of his right to compromise with his adversary, provided the compromise is made in good faith and without any attempt to defraud the attorney.

The decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN—10.

*For reversal*—PITNEY—1.