BENJAMIN GOLDFARB, PLAINTIFF, v. HARRY J. REICHER, DEFENDANT.

Argued January 5, 1934—Decided February 19, 1934.

Before Justice HEHER, at the Passaic Circuit.

For the plaintiff, *Saltzman & Bunevich.*

For the claimant, Walphil Holding Corporation, *Max L. Rosenstein.*

HEHER, J.  Plaintiff recovered a judgment against defendant, and caused execution to be issued thereon.  On March 28th, 1933, the sheriff levied upon moneys due defendant

under a judgment obtained by him in this court, against the L. S. Starrett Company and one Christie, in an action to recover damages for personal injuries tortiously inflicted. The question at issue is the validity of the levy. The Walphil Holding Corporation claims title to the moneys due upon the judgment recovered by Reicher, in virtue of an assignment in writing, bearing date October 13th, 1931, whereby Reicher assigned to the Walphil Company "any and all sums of money which I may become entitled to after the trial, adjustment, compromise or other disposition of" the action brought against the Starrett Company and Christie, and constituted the assignee his attorney, "for me and in my name, but for the sole use of the said Walphil Holding Corporation, its successors and/or assigns, and do empower the said Walphil Holding Corporation to settle, compromise or otherwise adjust the same, in my place and stead, with full power to do anything in the premises, * * *."

This attempted assignment of defendant's right of action, or of the moneys to become due when the claim was reduced to judgment, was nugatory. It is a firmly established rule that a right of action for personal injuries cannot be made the subject of assignment before judgment, in the absence of a statutory provision to the contrary. Except when otherwise provided by statute, nothing is assignable, either at law or in equity, that does not directly or indirectly involve a right to property. *Weller & Lichtenstein* v. *Jersey City, &c., Street Railway Co.,* 68 *N. J. Eq.* 659. In other jurisdictions the rule is that survival is the test of assignability of rights of action *ex delicto*. 2 *R. C. L.* 610, 613. But the rule is otherwise in this state. While the fourth section of the act relating to executors and the administration of intestates' estates (2 *Comp. Stat., p.* 2260) vests in the executor or administrator an action against the trespasser for any trespass done to the person or property of his testator or intestate, our court of the last resort has declared, and it is now settled law, that this provision did not abrogate the rule that such causes of action are not assignable before judgment. *Weller & Lichtenstein* v. *Jersey City, &c., Street Railway Co., supra.*

But the Walphil company insists that, even so, the power of attorney incorporated in the so-called assignment conferred upon it "the right to deal with the fund ultimately realized in such manner as it saw fit, within the limitations of the power of attorney," and that by virtue of an assignment of the judgment to itself, executed and delivered by it on March 23d, 1933, after the recovery of the judgment, in the exercise of the authority claimed to be conferred by the power of attorney, and the subsequent ratification of this assignment of the judgment before the making of the levy under plaintiff's judgment, it acquired a valid title to the judgment, and plaintiff's levy was therefore a nullity. This claim of title is well founded. Assuming, without deciding, that the Walphil company, in assigning the judgment to itself, exercised authority not lawfully granted by the power of attorney, it made such an assignment as Reicher's agent, in the exercise of what it conceived to be the authority conferred, and this assignment was, on the following day, ratified by Reicher, by letter addressed to the Walphil company, wherein he stated: "The moneys payable under said claims were assigned to you in October, 1931. I wish to hereby confirm the sale, transfer and *assignment of said judgments* [one recovered by his wife in the same transaction was also assigned] and moneys payable thereon to you, to have and to hold unto your successors and assigns forever * * *." The *bona fides* of these transactions is not challenged. The assignments are supported by a valuable consideration. Reicher was indebted to the Walphil company in a sum considerably in excess of the moneys due under his judgment, and the assignment of the judgment was an absolute one. And it is not contended that this assignment, and the ratification thereof, did not, in fact, precede the making of the levy.

It is elementary that, while the parties may impart a new efficacy to a voidable act, they have no power to give life to an act which, from reasons of public policy, is deemed to be absolutely void. *Burr* v. *Nivison,* 75 *N. J. Eq.* 241; *Reeves* v. *Butcher,* 31 *N. J. L.* 224; *Sherman* v. *Paterson,* 82 *Id.* 345. A transaction which, by force of positive law, has no

validity, cannot be the subject of ratification. The effect of ratification is to impart validity to the original agreement, and, for obvious reasons, Reicher's assignment of his right of action before judgment could not be the subject of ratification. It was utterly lacking in validity. As the ratification is a substitute for original authority, the fiction is necessary that the ratification relates back to the time when the agent acted. 1 *Williston on Contracts,* § 278. This necessarily presupposes capacity in the principal to make such a contract at that time, and where, as here, the mere right of action cannot lawfully be the subject of an assignment, there cannot be ratification. An assignment of such a right of action before judgment would contravene the policy of our law, and would consequently be illegal and void. In *Jones* v. *Randall, Cowp.* 39, Lord Mansfield held that "many contracts which are not against morality, are still void as being against the maxims of sound policy."

But the judgment was capable of assignment, and assuming that the Walphil company, in assigning the judgment to itself, was under a misapprehension as to the authority conferred by the power of attorney, and acted beyond the scope of its authority, or that no such authority was derived therefrom because the power of attorney was in aid of a void assignment, Reicher, by his ratification of the assignment of the judgment, imparted legality to it. He thereby adopted this assignment, and made it his own. Ratification is the affirmance by a person of a prior act which did not bind him, but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him. Upon ratification the consequences of the original transaction are the same as if it had been authorized, except in favor of persons who, because of their wrongful conduct, are not entitled to benefit, and against persons who have meanwhile acquired interests with which it would be unjust to interfere. An act which, when done, the purported or intended principal could have authorized, he can ratify, except an act the ratification of which is against public policy. 1 *Agency A. L. I.,* §§ 82, 84. Of

course, ratification does not result from the affirmance of an act, unless the one acting purports to act on account of another. *Ibid.*, § 85. But the instant case is concededly not within this exception. The ratification, therefore, related back and invested title in the assignee from the time of the assignment of the judgment.

It follows that plaintiff's levy was invalid, and he thereby acquired no lien upon the judgment recovered by Reicher, or the moneys payable thereunder. An appropriate order may be entered.