**In re Anthony and Karen COLOMBRARO, Debtors.**

**Bankruptcy No. 96–35831(SAS).**

United States Bankruptcy Court, D. New Jersey.

March 3, 1999.

See also 231 B.R. 1.

---

674

Randolph Walzer, Schiff & Schiff, West Long Branch, New Jersey, for Avco Financial Services.

Bunce D. Atkinson, Atkinson & DeBartolo, Red Bank, New Jersey, for the trustee.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This matter comes before the court on motions by Avco Financial Services (Avco) to prove the extent and validity of a claim and extending time to file such proof of claim. Avco claims a lien under a so-called "letter of protection" on the debtors' settlement proceeds from a personal injury action.[1] The court reserved decision on this motion on November 9, 1998.

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 151 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O). The primary issue is whether the "letter of protection" in question created a valid lien by assignment of an interest in the settlement proceeds, rendering Avco's claim superior to that of the trustee. If no lien was created, the other issue then is whether cause has been shown by Avco to file a tardy proof of claim. The court finds that the "letter of protection" did not create a valid lien, and that Avco is not eligible for a distribution until after payment to all unsecured creditors whose proofs of claim were timely filed.

## FINDINGS OF FACT

The material facts in this matter are undisputed.[2] Anthony and Karen Colombraro (debtors) hired the law firm of Ravich, Koster, Tobin, Oleckna, Reitman & Greenstein (the Ravich firm) to represent them in an action arising from personal injuries sustained by Mrs. Colombraro in a 1992 motor vehicle accident. In reference to a debt from a consumer loan owed by the Colombraros to Avco Financial Services (Avco), the Colombraros' attorney, Mr. Arnold Koster of the

1. The status of letters of protection as alleged liens relative to the rights and powers of a bankruptcy trustee is also addressed in another opinion issued today by this court in the case of In re Jean and James Fontaine, Case No. 98–30468.

2. The determination of the validity of liens ordinarily requires an adversary proceeding in a bankruptcy case. Fed.R.Bankr.P. 7001(2). The purpose of an adversary proceeding is, however, to provide the procedure for discovery and trial where there are factual disputes. Since all material facts are undisputed here, there is no need for an adversary proceeding because these motions are essentially for summary judgment. The requirement for an adversary proceeding is therefore relaxed in this case. Fed.R.Bankr.P. 1001.

Ravich firm, wrote Avco on April 18, 1996, stating the following:

> This office represents Anthony Colombraro for an accident which occurred on June 20, 1995 and his wife, Karen Brink Colombraro for injuries sustained in a motor vehicle accident which occurred on August 27, 1992. As a result of her motor vehicle accident, Mrs. Colombraro should receive a settlement well in excess of the monies due to you. Barring any complications, said settlement should be recovered in the near future.
>
> *This firm has been authorized by both Mr. and Mrs. Colombraro to withhold the monies due you on the above named account out of the settlement proceeds received from Mrs. Colombraro's accident.*
>
> *If you wish any additional documentation from this office or from the Colombraro's please advise.* [emphasis added]

There is nothing in the record to indicate that Avco requested any further documentation or that the Colombraros or their attorney made any additional contact with Avco concerning this matter. Several weeks later, on May 1, 1996, Avco obtained a judgment of the Superior Court of New Jersey, Law Division, Warren County, against Anthony and Karen Colombraro in the amount of $4,947.24. Avco did not pursue collection after Mr. Koster's letter until this motion was filed.

On July 8, 1996, the Colombraros filed a petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code" or "Code") and Bunce Atkinson was appointed as trustee. Avco was among the creditors listed in the schedules filed with the Colombraros' petition. By order of April 8, 1998 the court approved the settlement of the personal injury case for $61,750. After payment of attorneys' fees and costs for special counsel and the debtor's exemption, the sum remaining for the debtor's estate is approximately $17,500. The trustee estimates that this amount will be less than the amount necessary to repay all timely proofs of claim in full because the unsecured proofs of claim total approximately $17,451 and there will be additional administrative expenses, which

have priority in distribution before unsecured creditors.

On April 1, 1998, the court clerk issued a Notice of Assets and Deadline to File Proof of Claim. The notice fixed a June 23, 1998 deadline, stating "except as otherwise provided by law, in order to share in any payment from the estate, a creditor must file a proof of claim by the date set forth above." About 36 days after the June 23 deadline, Avco sent the trustee a letter asserting a priority claim for $4,947.24, but has not yet filed a proof of claim.

### Avco's Position

As to its claim on the proceeds, Avco asserts that the letter it received from the Colombraro's attorney, which Avco labels a "letter of protection", operates as an assignment of the proceeds from the Colombraros to Avco. Avco asserts that it is understood among attorneys that a "letter of protection" is a binding instrument of assignment and that it renders Avco's claim superior to the trustee's claim to the proceeds. Avco also contends that even if it is not construed as an assignment, the letter constitutes an equitable lien, which also would be superior to the trustee's claim.

Alternatively, Avco requests an extension of the time to file a proof of claim. Avco admits that it received the Notice of Assets and Deadline to File Proof of Claim, discovering the notice in its files after communicating with the trustee, and Avco admits that neglect is the only explanation for its failure to meet the deadline. Avco invokes the doctrine of excusable neglect under Fed. R.Bankr.P 9006(b)(1), and D.N.J. LBR 1001–1(b), which provides for modification or relaxation of the local rules by the court in the interests of justice. Avco's justification is that despite its neglect in filing a timely proof of claim, the trustee and the Colombraros knew of its claim prior to the proof of claim deadline and that by allowing an extension, the court will allow all creditors a portion of the settlement proceeds, thereby serving the interests of justice.

### The Trustee's Position

The trustee's position is that Avco is a general unsecured creditor that failed to file

a timely proof of claim and is therefore ineligible for distribution under Code section 762(a)(2). Because the settlement proceeds will not provide complete payment to the unsecured creditors whose proofs of claim were timely filed, and who are entitled to distribution under section 726(a)(2), there will be no funds to pay Avco under section 726(a)(3), which gives a lower priority to unsecured creditors with tardily filed proofs of claim. The trustee also contends that Avco's alleged lien is subordinate to the rights of the trustee, arguing that the "letter of protection" created neither an assignment nor an equitable lien because the Colombraros did not sign the letter and because the language in the letter does not indicate the requisite intent to assign.

## CONCLUSIONS OF LAW

**A. *The letter of April 18, 1996 did not create a valid assignment or a perfected security interest which is superior to the rights of the trustee.***

 Property rights are determined by state law. *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979). In determining state law, a federal court "must predict how the highest court of that state would decide the relevant legal issues." *Kowalsky v. Long Beach Twp., et al.*, 72 F.3d 385, 388 (3d Cir.1995).

In *Costanzo v. Costanzo*, 248 N.J.Super. 116, 590 A.2d 268 (Law Div.1991), it was held that although a tort claim cannot be assigned under New Jersey law, the claimant can grant a prejudgment assignment of an interest in the proceeds of such claim. That decision was followed in *Berkowitz v. Haigood*, 256 N.J.Super. 342, 606 A.2d 1157 (Law Div.1992).

For reasons stated in another opinion on letters of protection issued by the court today in *In re Jean and James Fontaine*, 231 B.R. 1, this court declines to follow *Costanzo v. Costanzo* and *Berkowitz v. Haigood* because they fail to follow principles of *stare decisis* which require New Jersey courts to adhere to decisions of New Jersey's highest court. This court does not see a sufficient basis to distinguish *Costanzo* and *Berkowitz*

from *Weller v. Jersey City, H. & P. St. Ry. Co.*, 68 N.J.Eq. 659, 61 A. 459 (1905) and *Goldfarb v. Reicher*, 112 N.J.L. 413, 414, 171 A. 149, 150 (N.J.Sup.Ct.1934), *aff'd* 113 N.J.L. 399, 174 A. 507 (1934). The *Weller* and *Goldfarb* cases held that a prejudgment assignment of part of the proceeds of a personal injury tort claim is void as a matter of law. *See also DiTolvo v. DiTolvo*, 131 N.J.Super. 72, 328 A.2d 625 (App.Div.1974) and *McGhee v. Charley's Other Brother*, 161 N.J.Super. 551, 391 A.2d 1289 (Law Div. 1978).

 In this case the court does not have to decide the legality of such assignments, however, because assuming *arguendo* that such assignments are permissible the letter in this case failed to meet the criteria for a valid assignment.

To be valid, an assignment must contain clear evidence of the intent to transfer rights and the subject matter must be clearly identified. *Berkowitz v. Haigood*, 256 N.J.Super. at 346, 606 A.2d 1157. The court finds that Avco has not met its burden of proving that the letter of April 18, 1996 constituted an assignment. For an assignment to be created, the effect must be that the assignor retains no power to revoke the assignment. *Sheeran v. Sitren*, 168 N.J.Super. 402, 414, 403 A.2d 53 (Law Div.1979). In this case the letter merely states that the debtors' attorneys had been authorized to withhold the monies due Avco from the settlement proceeds. Since the letter does not use terminology indicating an assignment or that the intention stated was irrevocable, the letter was not effective to create an assignment. Compare *American Pin Co. v. Wright*, 60 N.J.Eq. 147, 149–50, 46 A. 215, 216–17 (1900), *aff'd*, 85 N.J.Eq. 219, 98 A. 1084 (1901) ("A covenant to pay a debt ... out of an outstanding demand when collected, will not operate as an assignment, because it implies that the covenantor is to retain a control over the fund, and that more remains to be done on his part for the transfer to be effectual.") and *Cogan v. Conover Mfg. Co.*, 69 N.J.Eq. 809, 811–12, 64 A. 973, 974 (1906) (where an instrument states that a right to payment is assigned, and that the assignor will act as collection agent for the assignee, there is an

actual appropriation which confers a present right on the assignee.)

## B. *The letter of April 18, 1996 did not create an equitable lien.*

 Avco argues in the alternative that, even if the assignment is invalid, the letter of protection created an equitable lien on the proceeds thereby giving the claim priority over subsequent lienholders, including the trustee. For an equitable lien to be valid as against a bankruptcy trustee, there must be no available legal means to perfect such lien. *In re L.D. Patella Const. Corp.*, 114 B.R. 53, 58 (Bankr.D.N.J.1990). Assuming *arguendo* that it is possible under New Jersey law to obtain a lien on a personal injury claim, Avco could have done so either by an assignment as in *Costanzo* and *Berkowitz*, or by levying execution of Avco's judgment on the debtor's interest in the personal injury claim. *See Matter of Blease*, 605 F.2d 97, 98 n. 2 (3d Cir.1979). Since Avco chose to rely on the letter of April 18, 1996 instead of taking available steps to obtain a lien, there is no justification here for granting Avco an equitable lien. Alternatively, if it is not possible under New Jersey law to obtain a lien on a personal injury claim, it must also follow that it would violate New Jersey law to grant an equitable lien on such a claim. Either way, Avco's argument for an equitable lien fails.

## C. *Avco can file a tardy proof of claim under Code section 726(a)(3).*

 Whether a proof of claim must be filed depends on the creditor's status and as an unsecured creditor in a chapter 7 case, Avco is subject to Code sections 501 and 726 and Fed.R.Bankr.P. 3002. Subsection 501(a) provides that creditors may file a proof of claim. Rule 3002 provides for whether and when a proof of claim must be filed. Rule 3002(a) states that "[a]n unsecured creditor or equity security holder must file a proof of claim or interest for the claim to be allowed," with exceptions not applicable here. Rule 3002(c)(5) provides that where a trustee notifies the court of a possible dividend after notice of insufficient assets was given to the creditors, the clerk must notify the creditors

and the creditors must file proofs of claim within ninety days from when the clerk's notice was mailed.

Avco argues that Rule 9006 allows the court to apply an "excusable neglect" standard in relaxing the deadline set by Rule 3002. However, *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), pointed out in *dictum* that "[t]he excusable neglect standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases." *Id.* at 389, 113 S.Ct. at 1495. That is because excusable neglect as grounds for untimely actions under Rule 9006(b)(1) is subject to exceptions set forth in 9006(b)(2) and (3). Rule 9006(b)(3) limits enlargement of time under Rule 3002(c) only to the extent and under the conditions stated therein. The only basis available under Rule 3002(c) in this case is 3002(c)(5), but as noted Avco failed to file its claim within the time provided by that section.

Since *Pioneer*, courts have therefore held that "the 'excusable neglect' standard to enlarge time found in Rule 9006(b)(1) is not available to creditors in Chapter 7 to file claims after the expiration of the claims bar date." *In re M.A.P. Restaurant, Inc.*, 191 B.R. 519, 520 (Bankr.D.R.I.1996). *See also In re Elmont Electric Co., Inc.*, 206 B.R. 41, 43 (Bankr.E.D.N.Y.1997) (holding that where Bankruptcy Rule 3002(c)(5) applies, application of excusable neglect standard is prohibited); *In re Forrester*, 1995 WL 499615 at *3 (Bankr.D.N.J.1995) (denying allowance of IRS proof of claim because "the court lacks the discretion to extend the deadline once it has passed," for chapter 7 proofs of claim under Rule 3002, but under Rule 3004 court had excusable neglect discretion as to debtor filing tardily on behalf of IRS).

 The *M.A.P. Restaurant* court pointed out, however, that to construe Rule 3002(c) as an absolute bar to sharing in a liquidation distribution would render meaningless Code section 726(a)(2)(C) which provides for tardily filed proofs of claim by unsecured chapter 7 creditors, as does section 726(a)(3). Instead, Rule 3002(c) operates to classify a claim as timely or tardy for

purposes of the section 726(a) distribution provisions. *Id.* (quoting *In re Corporacion De Servicios Medico–Hospitalarios De Fajardo, Inc.,* 149 B.R. 746, 749 (Bankr.D.P.R. 1993).) Because the doctrine of "excusable neglect" under Rule 9006 does not apply to filing proofs of claim under Rule 3002(c), the court cannot exercise discretion in this matter. D.N.J. LBR 1001–1(b) cannot grant the court discretion which it lacks under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. *See In re Vertientes, Ltd.,* 845 F.2d 57, 60 (3d Cir.1988) (holding that the bankruptcy court does not have discretion to extend time for filing proofs of claim except in the circumstances set forth in the applicable rules).

■ Because Avco had notice in time for timely filing of a claim under Rule 3002(c)(5) but failed to do so, Avco's claim shall be classified as a tardily filed claim of the type specified in Code section 726(a)(3).

## CONCLUSION

The court holds that the letter from the Colombraros' attorney to Avco was not a valid assignment of a lien in the proceeds of the settlement of Mrs. Colombraro's personal injury claim. Because the letter did not create a lien, Avco's claim is subject to Bankruptcy Code section 726(c), which provides that tardily filed proofs of claim by unsecured creditors in chapter 7 cases shall not share in distribution until all unsecured creditors whose proofs of claim were timely filed have been paid. Avco must still file a tardy proof of claim in order to be eligible for any distribution available under the subordinated terms provided by section 726(c).

The personal injury claim is property of the estate under Code section 541.

The trustee is to submit an order within ten days on notice under D.N.J. LBR 9072–1(c).