**In re Jean and James FONTAINE, Debtors.**

**Bankruptcy No. 98–30468 (SAS).**

United States Bankruptcy Court, D. New Jersey.

March 3, 1999.

See also 230 B.R. 673.

Randolph Walzer, Schiff & Schiff, West Long Branch, NJ, for Beneficial New Jersey Inc.

Theodore Liscinski, Lanfrit, Liscinski & Rosenwasser, Somerset, NJ, for the Trustee.

James B. Brown, Jr., Shore & Zahn, P.C., East Brunswick, NJ, for Patrick J. Richardson.

Joseph M. Casello, Broege, Neumann, Fischer & Shaver, Manasquan, NJ, for Dr. Thomas Cawley.

### *MEMORANDUM OPINION*

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on two motions and a fee application, all of which seek payment from proceeds of settlement of personal injury litigation in this chapter 7 case. Beneficial New Jersey, Inc. (Beneficial) filed a motion to prove the extent and validity of its claim, asserting a lien on the settlement proceeds by virtue of so-called "letters of protection."[1] Patrick J. Richardson, Esq. (Richardson), who as special counsel to Theodore Liscinski, Jr., Esq. (the trustee) prosecuted the personal injury claim in state court, filed an application for fees and expenses incurred in obtaining the settlement. Dr. Thomas Cawley (Cawley) filed a motion to compel payment of medical bills from the settlement proceeds, claiming a "doctor's lien." The trustee objects to Beneficial's and Cawley's motions, arguing that their liens are unperfected and subject to his avoiding powers. Cawley objected to Richardson's fee application, arguing that his alleged lien takes priority over Richardson's right to fees and expenses in obtaining the settlement. The court reserved decision on Beneficial's motion on October 26, 1998, and on Cawley's motion and Richardson's fee application on January 25, 1999.

This court has jurisdiction under 28 U.S.C. §§ 1334(a), 151 and 157(a). These are core proceedings under 28 U.S.C. § 157(b)(2)(A),

---

**1.** The status of letters of protection as alleged liens is also addressed in another opinion issued by this court today in the case of Anthony and Karen Colombraro, *In re Anthony Colombraro,* 230 B.R. 673 (1999).

(B), (K) and (0). The following shall constitute the court's findings of fact and conclusions of law.

## FINDINGS OF FACT

The material facts are undisputed.[2] Jean and James Fontaine (the debtors) took out two consumer loans from Beneficial, which subsequently obtained judgment on those debts in the Superior Court of New Jersey, Law Division, Middlesex County on November 26, 1997 and December 1, 1997. The amounts due on the judgments totaled $9,287.96 as of July 1998.

Mrs. Fontaine had filed a personal injury action arising from an accident in which her leg was broken. Richardson, who was her attorney in the personal injury action, wrote the following letter to Beneficial's attorney, Daniel C. Schiff, and forwarded a copy to the debtors:

Re: Beneficial New Jersey Inc. v. Jean Fontaine
*Special Civil Part: Middlesex County*

Dear Mr. Schiff:

Please be advised that I am representing the above individual for personal injuries which she sustained as a result of an accident which occurred on January 2, 1994. It is my understanding that my client has an outstanding financial responsibility in connection with the attached November 12, 1996 letter. *This will confirm that your bill will be protected out of the client's share of any favorable verdict or settlement which I may obtain.*

Thank you for your cooperation.

Very truly yours,

[signed]

Patrick J. Richardson
[emphasis added]

The above letter was dated October 7, 1996. Richardson later sent Schiff an identical letter, dated November 22, 1996, and again forwarded a copy to the debtors.

The Fontaines filed a petition for relief under chapter 7 of title 11, United States Code ("Bankruptcy Code" or "Code") on January 14, 1998, and Theodore Liscinski, Jr. was appointed trustee. The trustee determined that the debtor's personal injury claim was property of the bankruptcy estate and obtained an order authorizing his employment of Richardson as special counsel to prosecute the personal injury claim. In July 1998 this court approved a settlement of that claim in the amount of $80,000.

On August 20, 1998 Beneficial filed its motion claiming that it has a lien on the settlement proceeds by virtue of the aforementioned letters of October 7 and November 22, 1996, which Beneficial describes as "letters of protection." The trustee opposes Beneficial's motion on the ground that the "letters of protection" in question are not valid liens. Alternatively, if they are liens, the trustee argues that they are unperfected and subject to avoidance by his exercise of the avoiding powers of a trustee under Bankruptcy Code section 544. The trustee further argues that if Beneficial is to be paid from the settlement proceeds, it would have to be from the debtor's share of those proceeds which the debtor is exempting from the estate under Code section 522(d)(11)(E).

On October 19, 1998 Richardson filed an application for allowance of $26,109.27 in fees and $1,672.17 in expenses as special counsel. Dr. Thomas Cawley objected, claiming a lien on the proceeds. Cawley is a chiropractor who treated Mrs. Fontaine for the injuries related to her personal injury claim. Cawley claims $9,535 is due for such treatment.

Cawley claims that in rendering his treatment of Mrs. Fontaine's injuries, he relied on

2. The determination of the validity of liens ordinarily requires an adversary proceeding in a bankruptcy case. Fed.R.Bankr.P. 7001(2). The purpose of an adversary proceeding is, however, to provide the procedure for discovery and trial where there are factual disputes. Since all material facts are undisputed here, there is no need for an adversary proceeding because these motions are essentially for summary judgment. The requirement for an adversary proceeding is therefore relaxed in this case. Fed.R.Bankr.P. 1001.

a document entitled "Doctor's Lien" dated July 18, 1994, and signed by Mrs. Fontaine and Richardson, which states:

> I hereby authorize the above doctor to furnish you, my attorney, with a full report of his examination, diagnosis, treatment, prognosis, etc. of myself in regard to the accident in which I was involved.

> I hereby authorize and direct you, my attorney, to pay directly to said doctor such sums as may be due and owing him for professional services rendered me both by reason of this accident and by reason of any other bills that are due to this office and to withhold such sums from any settlement, judgement or verdict as may be necessary adequately to protect said doctor. *I hereby further give a lien on my case to said doctor against any and all proceeds of any settlement, judgement or verdict which may be paid to you, my attorney, or myself as the result of the injuries for which I have been treated or injuries in connection therewith.* I fully understand that I am directly and fully responsible to said doctor for all professional bills submitted by him for service rendered me and that this agreement is made solely for said doctor's additional protection and in consideration of his awaiting payment. And I further understand that such payment is not contingent on any settlement, judgement or verdict by which I may actually recover said fee.

[emphasis added]

The court required Cawley to file a motion to compel payment of his claim from the settlement proceeds. On January 4, 1999 Cawley filed that motion. In that motion Cawley reiterates his argument that the "Doctor's Lien" instrument of July 18, 1994 cited above is a letter of protection which is a valid lien. Cawley's motion adds an argument that his letter of protection is a valid assignment under *In re Jason Realty, L.P.,* 59 F.3d 423 (3rd Cir.1995), which held that an assignment of rents from a debtor's real property prevents such rents from becoming property of the debtor's bankruptcy estate under New Jersey law.

Richardson responded to that motion and to Cawley's objection to his fee application

with three arguments: first, that N.J.S.A. 2A:44–35 *et seq.* sets forth the procedure required for a physician to obtain a lien on a cause of action for personal injuries treated by such physician, and Cawley failed to comply with that statute; second, that tort claims cannot be assigned prior to judgment in New Jersey, and Cawley claims such an assignment; and third, if there could have been a valid prepetition assignment of proceeds, there were no proceeds realized prepetition and therefore the assignment fails.

In opposing Cawley's motion the trustee joins in Richardson's argument that Cawley's failure to follow the procedure in N.J.S.A. 2A: 44–35 *et seq.* deprives him of the right to claim a lien. The trustee reiterates his argument that Cawley's claimed lien is avoidable under Code section 544.

## CONCLUSIONS OF LAW

1. *Beneficial's motion*

 (a) *The letters of October 7 and November 22, 1996 did not grant Beneficial a valid lien.*

For reasons stated below in connection with Cawley's motion, the court holds that under New Jersey law a letter of protection is not a valid means of obtaining a lien on a personal injury claim. Even assuming *arguendo,* however, that a letter of protection can create such a lien, the letters to Beneficial failed to do so.

■ For an assignment to be created, the effect must be that the assignor retains no power to revoke the assignment. *Sheeran v. Sitren,* 168 N.J.Super. 402, 414, 403 A.2d 53 (Law Div.1979). In this case the letters merely state that the amount due Beneficial "will be protected" from the settlement proceeds. Since the letter does not use terminology indicating an assignment or that the intention stated was irrevocable, the letters were not effective to create an assignment. Compare *American Pin Co. v. Wright,* 60 N.J.Eq. 147, 149–50, 46 A. 215, 216–17 (Ch.1900), *aff'd,* 85 N.J.Eq. 219, 98 A. 1084 (E. & A. 1901) ("A covenant to pay a debt . . . out of an outstanding demand when collected, will not operate as an assignment,

because it implies that the covenantor is to retain a control over the fund, and that more remains to be done on his part for the transfer to be effectual.") and *Cogan v. Conover Mfg. Co.*, 69 N.J.Eq. 809, 811–12, 64 A. 973, 974 (E. & A.1906) (where an instrument states that a right to payment is assigned, and that the assignor will act as collection agent for the assignee, there is an actual appropriation which confers a present right on the assignee.)

(b) *The letters of October 7 and November 22, 1996 did not create an equitable lien.*

 Beneficial argues in the alternative that, even if the assignment is invalid, the letters of protection created an equitable lien on the proceeds thereby giving the claim priority over subsequent lienholders, including the trustee. For an equitable lien to be valid as against a bankruptcy trustee, there must be no available legal means to perfect such lien. *In re L.D. Patella Const. Corp.*, 114 B.R. 53, 58 (Bankr.D.N.J.1990). Assuming *arguendo* that it is possible under New Jersey law to obtain a lien on a personal injury claim under *Costanzo v. Costanzo*, 248 N.J.Super. 116, 590 A.2d 268 (Law Div.1991) and *Berkowitz v. Haigood*, 256 N.J.Super. 342, 606 A.2d 1157 (Law Div.1992), Beneficial failed to take the necessary steps to do so by choosing to rely on letters which as previously noted do not contain the elements of a valid assignment. Alternatively, if it is not possible under New Jersey law to obtain a lien on a personal injury claim, it must also follow that it would violate New Jersey law to grant an equitable lien on such a claim. Either way, Beneficial's argument for an equitable lien fails.

2. *Cawley's motion*

(a) *The letter of July 18, 1994 did not grant Cawley a valid lien.*

Unlike the debtor's letters to Beneficial, the letter to Cawley does clearly state an intention to grant Cawley a lien on the proceeds of any settlement of the personal injury case. Therefore, if *Costanzo v. Costanzo* and *Berkowitz v. Haigood* were correctly decided; and if Cawley would not be obligat-ed to follow the procedure in N.J.S.A. 2A:44–35 *et seq.* to obtain a doctor's lien, which will be discussed subsequently; then *Costanzo* and *Berkowitz* would be authority for the proposition that the letter of July 18, 1994 granted Cawley a valid lien on the proceeds of Mrs. Fontaine's personal injury claim. This court does not believe, however, that *Costanzo* and *Berkowitz* are correct statements of New Jersey law.

 It is basic that property rights are determined by state law. *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979). In determining state law a federal court "must predict how the highest court of that state would decide the relevant legal issues." *Kowalsky v. Long Beach Twp., et al.*, 72 F.3d 385, 388 (3d Cir.1995). The highest court of New Jersey held in the case of *Weller et al. v. Jersey City, H. & P. St. R. Co.*, 68 N.J.Eq. 659, 61 A. 459 (E. & A.1905) that a prejudgment assignment of an interest in a personal injury claim is invalid under New Jersey law. In that case, the appellant attorneys had been assigned a fifty percent interest in the proceeds of a personal injury claim. The Court of Errors and Appeals held that "[a]right of action for personal injuries cannot be made the subject of assignment before judgment." *Id.* at 662. *Weller* was followed by the Court of Errors and Appeals in *Goldfarb v. Reicher*, 112 N.J.L. 413, 171 A. 149 (N.J.Sup.Ct. 1934), *aff'd*, 113 N.J.L. 399, 174 A. 507 (E. & A.1934). In *Goldfarb*, the Walphil Holding Corporation obtained an assignment from Reicher of "any and all sums of money which it may become entitled to" in a personal injury claim held by Reicher against third parties. *Id.* 112 N.J.L. at 414, 171 A. 149. The trial court held that "this attempted assignment of defendant's right of action, or of the moneys to become due when the claim was reduced to judgment, was nugatory. It is a firmly established rule that a right of action for personal injuries cannot be made the subject of assignment before judgment, in the absence of a statutory provision to the contrary." *Id.* (citing *Weller*). The Court of Errors and Appeals affirmed "for the reasons expressed in the opinion" by the trial

court. *Goldfarb,* 113 N.J.L. at 400, 174 A. 507.

Until *Costanzo and Berkowitz* were decided, *Weller* and *Goldfarb* had consistently been cited for the proposition that a claim for personal injuries cannot be made the subject of assignment before judgment. *See DiTolvo v. DiTolvo,* 131 N.J.Super. 72, 79, 328 A.2d 625 (App.Div.1974) (listing cases) and *McGhee v. Charley's Other Brother,* 161 N.J.Super. 551, 559, 391 A.2d 1289 (Law Div.1978). Without even citing *Weller* or *Goldfarb,* however, *Costanzo* held that an interest in a personal injury claim can be assigned even if the personal injury claim itself cannot:

> The purported assignment in this case was not of an expected settlement fund from an expected tort claim. It was an assignment of a right to monies from an expected settlement of an existing tort claim. The "specific thing" which was intended to be assigned was a sum of money from an identifiable fund arising at a future time as a result of the fulfillment of a condition (a settlement of the tort claim.) The right to the proceeds of the expected settlement is therefore assignable.

*Costanzo,* 248 N.J.Super. at 122, 590 A.2d 268. *Berkowitz* followed *Costanzo* without elaborating on this analysis.

This court does not believe that the attempted distinction in *Costanzo* between assignment of a personal injury claim and assignment of an interest in the proceeds of such claim is valid under New Jersey law. In *Weller,* a prejudgment assignment of a percentage interest in a personal injury claim was held invalid under New Jersey law. In *Goldfarb,* the Court of Errors and Appeals adopted the reasoning of the trial court that "[an] attempted assignment of defendant's right of action, *or of the moneys to become due when the claim was reduced to judgment,* was nugatory." *Goldfarb,* 112 N.J.L. at 414, 171 A. 149 [emphasis added]. And in *McGhee,* after analyzing *Weller* and *Goldfarb,* a trust agreement in an automobile insurance policy purporting to grant a prejudgment interest in a personal injury claim was held void:

> Since the trust agreement transfers ... a right to payment out of the proceeds of a settlement or judgment not yet received, it accomplishes exactly the same objective as contractual arrangements found to be void. No matter what label is appended to this agreement, its operative effect is not altered. Therefore, the provision must be declared void because it contravenes the common law of this State.

*McGhee v. Charley's Other Brother,* 161 N.J.Super. at 559, 391 A.2d 1289 [citation omitted].

The court concludes that *Costanzo* cannot be reconciled with *Weller, Goldfarb* and the cases which follow them. As previously noted, federal courts must apply New Jersey law as determined by the highest court of this state. *Kowalsky v. Long Beach Twp., et al.; Safeco Insurance Co. of America v. Wetherill,* 622 F.2d 685 (3d Cir.1980). The highest court in New Jersey was until 1947 the Court of Errors and Appeals, and decisions by that court remain binding unless subsequently overturned by the highest court, now the Supreme Court. *Nixon v. Lawhon,* 32 N.J.Super. 351, 355, 108 A.2d 480 (App.Div.1954). Reconsideration of legal doctrine established by New Jersey's highest court is for that court alone. *Franco v. Davis,* 51 N.J. 237, 238, 239 A.2d 1 (1968). An intention to change a long-established rule will not be imputed to the state Supreme Court in the absence of a clear manifestation thereof. *Goddard v. Orthopedic Consultant Associates, P.A.,* 177 N.J.Super. 319, 426 A.2d 542 (App.Div.1981); *Perry v. Swedesboro,* 204 N.J.Super. 103, 497 A.2d 922 (Law Div.1985). The court is not aware of any expression of intention by the New Jersey Supreme Court to change the rule of *Weller* and *Goldfarb* that there can be no prejudgment transfer of an interest in the proceeds of a personal injury claim. The court therefore concludes that *Costanzo* and *Berkowitz* are incorrectly decided under principles of stare decisis. A letter of protection cannot transfer an interest in a personal injury claim. New Jersey law is apparently the same as to other tort claims as well. *See* N.J.S.A. 2A:25–1 (permitting assignment of a chose in action on contract claims, but not on tort claims).

Moreover, if the interest being granted is a lien on a chose in action arising on a contract claim, Article 9 of the Uniform Commercial Code would apply as to creation and perfection of such a lien. N.J.S.A. 12A:9–102, 12A:9–106.

(b) *Jason Realty is not applicable to assignment of liens in general intangibles.*

 Cawley argues that the case of *In re Jason Realty, L.P.,* 59 F.3d 423 (3rd Cir. 1995), mandates the conclusion that the lien granted him by his letter of protection cannot be avoided by the trustee. That argument is without merit. *Jason Realty* held that under New Jersey law an assignment of rents from real property transfers title to the rents. All of the cases on which *Jason Realty* relies for that conclusion also dealt with assignment of rents from real property. Security interests in rents are not governed by Article 9 of the Uniform Commercial Code because rents are considered a form of real property. N.J.S.A. 12A:9–104(j); N.J.S.A. 46:3–16.

For the reasons stated above, New Jersey law prohibits assignment of tort claims, and a lien on a chose in action on contract would be governed by Article 9 of the Uniform Commercial Code. *Jason Realty* is therefore not applicable to assignment of choses in action or interests therein under New Jersey law.

(c) *Cawley admits that he failed to comply with N.J.S.A. 2A:44–35 et seq.*

The trustee and Richardson argue that to obtain a lien on Mrs. Richardson's cause of action or the proceeds thereof, Cawley was required to comply with N.J.S.A. 2A:44–35 *et seq.,* and he failed to do so. Cawley acknowledges that he failed to comply with that statute, but argues that he has a lien anyway by virtue of his letter of protection.

 N.J.S.A. 2A:44–35 to 46 provides a procedure for hospitals, physicians and dentists to obtain a lien on causes of action arising from personal injuries sustained in an accident caused by the negligence of another for the services rendered treating such injuries. N.J.S.A. 2A:44–36. The lien attaches

to the cause of action and proceeds thereof. N.J.S.A. 2A:44–37. The lien cannot exceed twenty-five percent of the award to the injured person. N.J.S.A. 2A:44–39. The lien must be perfected by filing with the county clerk, N.J.S.A. 2A:44–41, and by notice to the person injured and the person liable. N.J.S.A. 2A:44–42. This statute therefore provides an exception to the general rule that there can be no prejudgment liens on personal injury causes of action under New Jersey law. Since Cawley acknowledges his failure to comply with N.J.S.A. 2A:44–35 *et seq.,* the court does not have to determine whether a chiropractor is a "physician" who can obtain a lien by complying with this statute. Compare N.J.S.A. 45:9–5.1 (defining "physician") and N.J.S.A. 45:9–14.5 (defining "chiropractor").

3. *Richardson's fee application.*

There were no objections raised to the merits of Richardson's application for allowance of fees and expenses as special counsel, but rather only to the priority of his rights relative to those of Beneficial and Cawley. Since the court has determined that those creditors do not hold liens on the settlement proceeds and Richardson's application is meritorious, his application is allowed in the amounts requested.

4. *No liens attach to the debtor's exemption.*

As previously noted, the trustee argued that if Beneficial has any lien on the settlement proceeds, it could only attach to the portion which the debtor is receiving as exempt from the bankruptcy estate under Code section 522(d)(11)(E). Neither Beneficial nor Cawley responded to that argument, and the debtors have not appeared on these matters. The court notes, however, that under Code section 522(c) neither Beneficial nor Cawley has any claim against the debtor's exempt property.

**CONCLUSION**

Since Beneficial's and Cawley's letters of protection do not create valid liens, their motions are denied, and the court holds that their claims are unsecured. Richardson's ap-

plication is granted in the amount of $26,-109.27 in fees and $1,672.17 in expenses. The trustee is to file an order within seven days under D.N.J. LBR 9072–1(c).